IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
: 
In re: : Chapter 11
: 
VIRGIN ORBIT HOLDINGS, INC., *et al.*,[1] : Case No. 23-10405 (KBO)
: 
Debtors. : (Jointly Administered)
: 
------------------------------------------------------------ x   Re: Docket No. 9

**INTERIM ORDER (A) AUTHORIZING DEBTORS TO (I) CONTINUE
OPERATING EXISTING CASH MANAGEMENT SYSTEM, (II) HONOR
CERTAIN PREPETITION OBLIGATIONS RELATED THERETO,
(III) MAINTAIN EXISTING BUSINESS FORMS, AND (IV) CONTINUE
TO PERFORM INTERCOMPANY TRANSACTIONS, (B) WAIVING CERTAIN
REQUIREMENTS UNDER SECTION 345 OF THE BANKRUPTCY CODE AND
THE U.S. TRUSTEE GUIDELINES, AND (C) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of orders (a) authorizing the Debtors to (i) continue to operate their existing Cash Management System, (ii) honor certain prepetition obligations related thereto, (iii) maintain their existing accounts and Business Forms, and (iv) continue to perform Intercompany Transactions in the ordinary course of business; (b) waiving certain requirements under section 345 of the Bankruptcy Code and the U.S. Trustee Guidelines; (c) authorizing, but not directing, the Debtors to continue to maintain and use their existing deposit practices; and (d) granting related relief, all as more fully set forth in the Motion; and this Court having reviewed the Motion and the First Day Declarations; and this Court having jurisdiction to

---

[1] The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number, are: Virgin Orbit Holdings, Inc. (6914); Virgin Orbit National Systems, LLC (3801); Vieco USA, Inc. (0492); Virgin Orbit, LLC (9648); and JACM Holdings, Inc. (1445). The Debtors' address is 4022 East Conant Street, Long Beach, CA 90808.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion.

30249002.2

consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary, except as set forth in the Motion with respect to entry of this Interim Order and notice of the Final Hearing (as defined below); and upon the record herein; and after due deliberation thereon; and this Court having determined that there is good and sufficient cause for the relief granted in this Interim Order, therefore, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is granted on an interim basis, as set forth herein.

2. All objections to the entry of this Interim Order, to the extent not withdrawn or settled, are overruled.

3. The Debtors are authorized, but not directed, pursuant to sections 363(c) and 105(a) of the Bankruptcy Code, in all cases consistent with historical practices and in the ordinary course of business, to (a) continue to operate the Cash Management System maintained by the Debtors before the Petition Date, as described in the Motion, (b) collect, concentrate, and disburse cash in accordance with the Cash Management System, including through Intercompany Transactions between Debtors, and (c) to make ordinary course changes to the Cash Management System; *provided* that the Debtors shall provide reasonable notice to the U.S. Trustee, the DIP Secured

Parties and any statutory committee appointed in the Chapter 11 Cases of any material changes to their Cash Management System.

4. The Debtors are authorized, but not directed, to continue the Credit Card Program in the ordinary course of business, and all postpetition extensions of credit under the Credit Card Program shall be entitled to administrative expense status under sections 364(a) and 503(b) of the Bankruptcy Code.  The Debtors are authorized to pay outstanding obligations under the Credit Card Program in an amount not to exceed $160,000 on an interim basis.

5. The Debtors are authorized, but not directed, to continue to comply with the Collateral Obligations posted prepetition and renew, replace, modify, extend, or add to the posted collateral as needed in the ordinary course postpetition in connection with the Credit Card Program.

6. The Debtor Bank at which the Debtors maintain their accounts relating to the payment of the obligations described in the Motion is authorized to, when requested by the Debtors in the ordinary course of business and consistent with historical practices to, (a) receive, process, honor, and pay all checks presented for payment and to honor all fund transfer requests made by the Debtors related thereto, to the extent that sufficient funds are on deposit in those accounts, and (b) accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, or ACH transfers should be honored or dishonored in accordance with this or any other order of this Court, whether such checks, drafts, wires, or transfers are dated before, on, or after the Petition Date, without any duty to inquire otherwise.

7. The Debtors shall maintain accurate and detailed records of all transfers so that all postpetition transfers and transactions are adequately and promptly documented in their books and

records, and all transfers and transactions may be readily ascertained, traced, and distinguished between prepetition and postpetition transactions.

8. The Debtors are further authorized to: (a) designate, maintain, and continue to use any or all of the existing Debtor Accounts in the names and with the account numbers existing immediately before the Petition Date, and any requirements under the U.S. Trustee Guidelines or otherwise to the contrary are waived; (b) deposit funds in and withdraw funds from such accounts by all usual means, including, without limitation, checks, wire transfers, ACH transfers, and other debits; (c) pay any Cash Management Fees or other charges associated with the Debtor Accounts, whether arising before or after the Petition Date, consistent with the Debtors' historical practice, in an amount not to exceed $6,000 for prepetition amounts; (d) perform their obligations under the documents and agreements governing the Debtor Accounts; and (e) treat their prepetition Debtor Accounts for all purposes as debtor in possession accounts.

9. The Debtors are authorized to open new accounts or close any existing Debtor Accounts as they may deem necessary and appropriate in their sole discretion; *provided* that the Debtors give notice within fifteen days thereafter to the U.S. Trustee and any statutory committees appointed in the Chapter 11 Cases; *provided, further*, that the Debtors shall only open any such new bank accounts at banks that have executed a Uniform Depository Agreement with the U.S. Trustee, or at banks that are willing to immediately execute such an agreement; *provided*, *further*, that all accounts opened by any of the Debtors on or after the Petition Date at any financial services provider shall, for purposes of this Interim Order, be deemed a Debtor Account as if it had been listed on **Exhibit D** to the Motion. For banks at which the Debtors hold accounts that are not party to a Uniform Depository Agreement with the U.S. Trustee for the District of Delaware, the Debtors shall use their good-faith efforts to cause the banks to execute a Uniform Depository agreement in

a form prescribed by the U.S. Trustee within thirty (30) days of the date of this Interim Order. The U.S. Trustee's rights to seek further relief from this Court on notice in the event that the aforementioned banks are unwilling to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee are fully reserved.

10. The Debtors are authorized to deposit funds in accordance with existing practices under the Cash Management System as in effect as of the Petition Date, subject to any reasonable non-material changes, consistent with this Interim Order, to the Cash Management System that the Debtors may implement, and, to the extent such practices are inconsistent with the requirements of section 345(b) of the Bankruptcy Code, the Debtors are hereby granted an extension of time for a period of thirty days from entry of this Interim Order (or such additional time as the U.S. Trustee may agree to) (the "**Extension Period**") within which to either come into compliance with section 345(b) of the Bankruptcy Code or to make such other arrangements as agreed with the U.S. Trustee. Such extension is without prejudice to the Debtors' right to request from this Court a further extension of the Extension Period or a final waiver of the requirements under section 345(b).

11. The Debtor Bank is authorized to accept and rely upon, without further inquiry, all representations from the Debtors as to which checks, drafts, wires, or ACH transfers are dated before, on, or after the Petition Date and which checks are to be honored or dishonored, regardless of whether or not such payment or honoring is or is not authorized by an order of this Court, including payments made in connection with the Credit Card Program. The Debtor Bank shall not incur, and the Debtor Bank is hereby released from, any liability for relying upon any Debtor's instruction as to which checks, drafts, wires, or ACH transfers should be honored or dishonored or for the Debtor Bank's inadvertence in honoring any check, draft, wire, or ACH transfer at

variance from the Debtors' instructions unless such inadvertence constituted gross negligence or willful misconduct on the part of the Debtor Bank. Each Debtor shall promptly provide a list of checks to the Debtor Bank for each Debtor Account maintained at the Debtor Bank specifying, by check sequencing number, dollar amount, date of issue, and payee information, those checks that are to be dishonored by the Debtor Bank, which checks may include those issued after the Petition Date as well as those issued before the Petition Date that are not to be honored or paid according to any order of this Court, and the Debtor Bank may honor all other checks. Except for those checks, drafts, wires, or ACH transfers that are authorized or required to be honored under an order of this Court, the Debtors shall not instruct nor request the Debtor Bank to pay or honor any check, draft, or other payment item issued on a Debtor Account before the Petition Date but presented to the Debtor Bank for payment after the Petition Date.

12. The Debtors are authorized, but not directed, to enter into, engage in, and perform Intercompany Transactions between Debtors in the ordinary course of business and to make payments to, or set off amounts owed from, the applicable Debtor on account of postpetition Intercompany Transactions, in a manner consistent with their practices in effect as of the Petition Date in the ordinary course of business or as necessary to execute the Cash Management System, including the Credit Card Program; *provided* that all Intercompany Claims shall be junior and subordinate to any superpriority administrative expense claims or liens granted under the DIP Order, including, without limitation, DIP Superpriority Claims and, DIP Liens, Adequate Protection Claims, or Adequate Protection Liens (each as defined in the DIP Order). The Debtors shall (a) continue to track all Intercompany Transactions electronically through their accounting system in accordance with their prepetition practices and (b) maintain accurate and detailed records of all Intercompany Transactions so that they may be readily ascertained, traced, recorded

properly, and distinguished between prepetition and postpetition transactions; *provided* that such records shall be made available upon request by the U.S. Trustee, counsel to the DIP Secured Parties and any statutory committee. Nothing in this Interim Order authorizes transfers to be made by any of the Debtors to any non-Debtor affiliate.

13. All transfers or payments from one Debtor to another Debtor, or made by a Debtor on behalf of another Debtor, after the Petition Date, shall be accorded administrative expense priority status in accordance with sections 503(b) and 507(a)(2) of the Bankruptcy Code.

14. Within 15 days of the date of entry of this Interim Order, the Debtors shall (a) contact the Debtor Bank, (b) provide the Debtor Bank with each of the Debtor's employee identification numbers, (c) identify the Debtor Accounts held at the Debtor Bank as being held by a debtor in possession in a chapter 11 case, and (d) provide the lead case number.

15. Pursuant to Local Rule 2015-2(a), the Debtors are authorized to continue to use their existing checks, correspondence, and other Business Forms without alteration or change and without the designation "Debtor in Possession" or a bankruptcy case number imprinted upon them. Notwithstanding the foregoing, once the Debtors' existing checks have been used, the Debtors shall, when reordering checks, require the designation "Debtor in Possession" and the corresponding bankruptcy case number on all checks; *provided* that, with respect to checks that the Debtors print themselves, the Debtors shall begin printing the "Debtor in Possession" legend and provide the case number on such items within 10 days of the date of entry of this Interim Order.

16. Any requirement under the U.S. Trustee Guidelines to establish separate accounts for cash collateral and tax payments is hereby waived except as otherwise required by any applicable agreements between the Debtors and the Debtor Bank.

17. Notwithstanding the Debtors' use of a consolidated cash management system, the Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor, regardless of which entity pays those disbursements.

18. Nothing in the Motion or this Interim Order, nor any actions or payments made by the Debtors pursuant to this Interim Order, is intended as or shall be construed or deemed to be: (a) an admission as to the validity of any claim against the Debtors or the existence of any lien against the Debtors' properties; (b) a waiver of the Debtors' rights to dispute any claim or lien on any grounds; (c) a promise to pay any claim; (d) an implication or admission that any particular claim would constitute an allowed claim; (e) an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code; (f) a limitation on the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract with any party subject to this Interim Order; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors, or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law. Nothing contained in this Interim Order shall be deemed to increase, decrease, reclassify, elevate to an administrative expense status, or otherwise affect any claim to the extent it is not paid.

19. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Interim Order shall be effective and enforceable immediately upon entry hereof.

20. The requirements set forth in Bankruptcy Rule 6004(a) are hereby waived.

21. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied because the relief set forth in this Interim Order is necessary to avoid immediate and irreparable harm.

22. The Debtors and the Debtor Bank are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Interim Order.

23. The final hearing (the "**Final Hearing**") on the Motion shall be held on May 1, 2023 at 9:30 a.m., prevailing Eastern Time. On or before 4:00 p.m., prevailing Eastern Time, on April 24, 2023, any objections or responses to entry of a final order on the Motion (a "**Final Order**") shall be filed with this Court, and served on: (a) Virgin Orbit Holdings, Inc., 4022 East Conant Street, Long Beach, CA 90808, Attn: Derrick Boston (derrick.boston@virginorbit.com); (b) proposed counsel to the Debtors and Debtors in Possession, (i) Latham & Watkins LLP, 1271 Avenue of the Americas, New York, NY 10020 (Attn: George Klidonas (george.klidonas@lw.com), Anupama Yerramalli (anu.yerramalli@lw.com), Liza L. Burton (liza.burton@lw.com), and Brian S. Rosen (brian.rosen@lw.com); and (ii) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801 (Attn: Kara Hammond Coyle (kcoyle@ycst.com) and Allison S. Mielke (amielke@ycst.com)); (c) counsel to the DIP Secured Parties, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Brian M. Resnick (brian.resnick@davispolk.com) Josh Sturm (joshua.sturm@davispolk.com) and Jarret Erickson (jarret.erickson@davispolk.com)); (d) counsel to any statutory committee appointed in the Chapter 11 Cases; and (e) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Juliet Sarkessian (juliet.m.sarkessian@usdoj.gov)). In the event that no objections to entry of the Final Order are timely received, this Court may enter such Final Order without need for the Final Hearing.

24. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

**Dated: April 5th, 2023**
**Wilmington, Delaware**

**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**

30249002.2