IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
: 
In re: : Chapter 11
: 
VIRGIN ORBIT HOLDINGS, INC., *et al.*,[1] : Case No. 23-10405 (KBO)
: 
Debtors. : (Jointly Administered)
: 
------------------------------------------------------------ x   Re: Docket No. 6

### INTERIM ORDER (A) AUTHORIZING DEBTORS TO PAY CERTAIN TAXES AND FEES AND (B) GRANTING RELATED RELIEF

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of orders (a) authorizing, but not directing, the Debtors to pay the Taxes and Fees and (b) granting related relief, all as more fully set forth in the Motion; and this Court having reviewed the Motion and the First Day Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has

---

[1] The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number, are: Virgin Orbit Holdings, Inc. (6914); Virgin Orbit National Systems, LLC (3801); Vieco USA, Inc. (0492); Virgin Orbit, LLC (9648); and JACM Holdings, Inc. (1445). The Debtors' address is 4022 East Conant Street, Long Beach, CA 90808.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion.

30249005.2

been given and that no other or further notice is necessary, except as set forth in the Motion with respect to entry of this Interim Order and notice of the Final Hearing (as defined below); and upon the record herein; and after due deliberation thereon; and this Court having determined that there is good and sufficient cause for the relief granted in this Interim Order, therefore, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is granted on an interim basis, as set forth herein.

2. All objections to the entry of this Interim Order, to the extent not withdrawn or settled, are overruled.

3. The Debtors are authorized, but not directed, in the ordinary course of business as such obligations become due, to pay the Taxes and Fees in an amount not to exceed $10,000 arising before the Petition Date, including all of those prepetition Taxes and Fees subsequently determined, upon audit or otherwise, to be owed, without further order of this Court.

4. The Debtors are further authorized, but not directed, to settle some or all of the Taxes and Fees arising before the Petition Date for less than their face amount without further notice or hearing; *provided*, that the Debtors will consult with the DIP Agent and Prepetition Secured Lender with respect to any such settlement involving Taxes and Fees for so long as there are amounts outstanding and owed by the Debtors to the DIP Agent or the Prepetition Secured Lender, as applicable.

5. The Debtors shall provide schedules to the Office of the United States Trustee for the District of Delaware, counsel to any statutory committee appointed in these Chapter 11 Cases, and counsel to the DIP Secured Parties of all payments made on account of all prepetition Taxes and Fees made by the Debtors pursuant to this Interim Order and within 30 days of any such payment.

6. The Banks shall be, and are hereby authorized, when requested by the Debtors in their sole discretion, to process, honor, pay, and, if necessary, reissue any and all checks or electronic funds transfers on account of payment obligations authorized by this Interim Order to be paid, including prepetition checks and electronic payment and transfer requests that the Debtors reissue or re-request postpetition, drawn on the Debtors' accounts, whether those checks were presented before or after the Petition Date, provided that sufficient funds are available in such accounts to make the payments.

7. The Banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors before the Petition Date should be honored pursuant to this Interim Order, and the Banks shall not have any liability to any party for relying on such representations by the Debtors as provided for in this Interim Order.

8. The Debtors are authorized, but not directed, to issue new postpetition checks, or effect new electronic funds transfers, on account of Taxes and Fees as set forth herein, and to replace any prepetition checks or electronic fund transfer requests that may be lost or dishonored as a result of the commencement of the Chapter 11 Cases, to the extent payment thereof is authorized pursuant to the relief granted herein.

9. Nothing in the Motion or this Interim Order, nor any actions or payments made by the Debtors pursuant to this Interim Order, is intended as or shall be construed or deemed to be: (a) an admission as to the validity of any claim against the Debtors or the existence of any lien against the Debtors' properties; (b) a waiver of the Debtors' rights to dispute any claim or lien on any grounds; (c) a promise to pay any claim; (d) an implication or admission that any particular claim would constitute an allowed claim; (e) an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code; (f) a limitation on the Debtors'

rights under section 365 of the Bankruptcy Code to assume or reject any executory contract with any party subject to this Interim Order; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors, or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.  Nothing contained in this Interim Order shall be deemed to increase, decrease, reclassify, elevate to an administrative expense status, or otherwise affect any claim to the extent it is not paid.

10. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Interim Order shall be effective and enforceable immediately upon entry hereof.

11. The requirements set forth in Bankruptcy Rule 6004(a) are hereby waived.

12. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied because the relief set forth in this Interim Order is necessary to avoid immediate and irreparable harm.

13. The Debtors are hereby authorized to take such actions and to execute such documents as may be reasonably necessary to implement the relief granted by this Interim Order.

14. The final hearing (the "**Final Hearing**") on the Motion shall be held on May 1, 2023 at 9:30 a.m., prevailing Eastern Time.  On or before 4:00 p.m., prevailing Eastern Time, on April 24, 2023, any objections or responses to entry of a final order on the Motion (a "**Final Order**") shall be filed with this Court, and served on:  (a) Virgin Orbit Holdings, Inc., 4022 East Conant Street, Long Beach, CA 90808, Attn: Derrick Boston (derrick.boston@virginorbit.com); (b) proposed counsel to the Debtors and Debtors in Possession, (i) Latham & Watkins LLP, (a) 355 South Grand Avenue, Suite 100, Los Angeles, California 90071 (Attn: Jeffrey E. Bjork (jeff.bjork@lw.com)) and (b) 1271 Avenue of the Americas, New York, NY 10020 (Attn: George Klidonas (george.klidonas@lw.com), Anupama Yerramalli (anu.yerramalli@lw.com), and Liza L. Burton (liza.burton@lw.com)); and (ii) Young Conaway

Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801 (Attn: Kara Hammond Coyle (kcoyle@ycst.com) and Allison S. Mielke (amielke@ycst.com)); (c) counsel to the DIP Secured Parties, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Brian M. Resnick (brian.resnick@davispolk.com), Josh Sturm (joshua.sturm@davispolk.com) and Jarret Erickson (jarret.erickson@davispolk.com)); (d) counsel to any statutory committee appointed in the Chapter 11 Cases; and (f) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Juliet Sarkessian (juliet.m.sarkessian@usdoj.gov)).  In the event that no objections to entry of the Final Order are timely received, this Court may enter such Final Order without need for the Final Hearing.

15. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Dated: April 5th, 2023
Wilmington, Delaware

KAREN B. OWENS
UNITED STATES BANKRUPTCY JUDGE

30249005.2

5