**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| VIRGIN ORBIT HOLDINGS, INC., *et al.*,[1] | ) Case No. 23-10405 (KBO) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Docket Ref. No. 75** |
| | ) |

**DECLARATION OF DAVID WHEELER**
**IN SUPPORT OF DEBTORS' MOTION FOR ENTRY**
**OF AN ORDER (A) AUTHORIZING AND APPROVING THE DEBTORS'**
**ENTRY INTO AN ASSET PURCHASE AGREEMENT, (B) AUTHORIZING**
**THE SALE OF ALL OR SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE**
**AND CLEAR OF ALL ENCUMBRANCES, AND (C) GRANTING RELATED RELIEF**

1. I, David Wheeler, hereby declare as follows:

2. I am the General Counsel of Firefly Aerospace, Inc. ("Firefly" or the "Purchaser") and have had this role since June 1, 2022.

3. Firefly Aerospace Inc. is in the business of (i) designing and manufacturing launch vehicles and spacecraft, and (ii) launching, transporting and placing satellites or other payloads into prescribed orbits or to the moon.

4. I have been a practicing lawyer since 1996.

5. I am authorized by the board of directors of Purchaser to act as its authorized agent, and I am authorized and empowered to do any and all acts and things necessary to effectuate

---

[1] The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number, are: Virgin Orbit Holdings, Inc. (6914); Virgin Orbit National Systems, LLC (3801) ("**VO-NS**"); Vieco USA, Inc. (0492); Virgin Orbit, LLC (9648); and JACM Holdings, Inc. (1445). The Debtors' address, other than Debtor VO-NS, is 4022 East Conant Street, Long Beach, CA 90808. Debtor VO-NS's address is 1960 E. Grand Avenue, El Segundo, CA 90245.

the consummation of the transaction contemplated by the Firefly Asset Purchase Agreement (defined below).

6. I submit this declaration (this "Declaration") in support of the *Motion of Debtors for Entry of an Order (A) Authorizing and Approving Debtors' Entry into an Asset Purchase Agreement, (B) Authorizing the Sale of All or Substantially All of the Debtors' Purchased Assets Free and Clear of All Encumbrances, (C) Approving the Assumption and Assignment of the Assumed Contracts, and (D) Granting Related Relief* [Docket No. 75] (the "Motion").[2]

7. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, information and belief, or my opinion based upon experience, knowledge and information concerning Firefly and the negotiation of the Firefly Asset Purchase Agreement.

8. I am over the age of 18 and authorized to submit this Declaration on behalf of Firefly. If I were called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

## The Firefly Asset Purchase Agreement

9. Firefly is the purchaser under that certain Asset Purchase Agreement dated June 15, 2023 (as amended, modified or supplemented, the "Firefly Asset Purchase Agreement," and the assets subject thereto, the "Purchased Assets") by and among Virgin Orbit Holdings, Inc. (the "Seller"), each of the Affiliates of the Seller listed on Schedule I thereto, and Firefly. Pursuant to the Firefly Asset Purchase Agreement, Firefly will, *inter alia*, acquire the Purchased Assets.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or the Firefly Asset Purchase Agreement (as defined herein), as applicable.

2

10. The aggregate purchase price payable by Firefly for the Purchased Assets is equal to the Cash Purchase Price, the Deposit and the Assumed Liabilities (all as defined in the Firefly Asset Purchase Agreement, and together the "Purchase Price"). Other than the Purchase Price, no other payments, material agreements or arrangements have been made or will be entered into by Firefly in connection with the consummation of the transactions contemplated by the Firefly Asset Purchase Agreement.

11. It is anticipated that the Closing of the transactions contemplated by the Firefly Asset Purchase Agreement will occur on or around June 21, 2023.

### Good Faith Purchaser

12. I have been actively involved in the due diligence and negotiations leading up to the proposed Sale Transaction. Firefly and its employees, directors, officers, agents, advisors, and other representatives acted in good faith and without collusion or fraud of any kind in connection with the bidding process and the Auction. All negotiations with the Debtors during the sale process were vigorous, extensive, and conducted at arm's-length and in good faith. The respective parties were represented by separate legal counsel, and the negotiations were not tainted by fraud, collusive bidding, or other misconduct. Firefly complied, in good faith, in all respects with the Bidding Procedures Order and the Bidding Procedures.

13. Similarly, the purchase price for the Purchased Assets was determined after a rigorous marketing process run by the Debtors' professionals and after an auction held on May 22, 2023, at the offices of the Debtors' legal advisors and continuing negotiations thereafter. All negotiations with the Debtors as to sale price were vigorous and conducted at arm's-length and in good faith. I understood that, subject to the Bidding Procedures, the Debtors were at all times during the marketing and auction process free to deal with any other party interested in acquiring

the assets subject to the Firefly Asset Purchase Agreement.  I therefore believe that the purchase price represents the fair market value for the Purchased Assets.  There was no agreement between Firefly and any other party to control the sale price for the Purchased Assets.

14. Firefly has at all times acted in good faith, and it is my understanding that, upon approval of the proposed Sale Order, Firefly will be entitled to the protections afforded to good faith purchasers under section 363(m) of the Bankruptcy Code.

## No Collusion

15. The Firefly Asset Purchase Agreement was negotiated, proposed and entered into by Firefly without collusion or fraud, in good faith and from arm's-length bargaining positions.  Firefly has not acted in a collusive manner with any person and the purchase price was not controlled by any agreement among bidders.

16. I understand that upon approval of the proposed Sale Order, the transactions contemplated by the Firefly Asset Purchase Agreement may not be avoided, and no damages may be assessed against Firefly under section 363(n) of the Bankruptcy Code or any other applicable bankruptcy or non-bankruptcy law.  Firefly would not have agreed to enter into the Firefly Asset Purchase Agreement absent these protections and the other provisions of the Firefly Asset Purchase Agreement.

## Firefly is Not an Insider

17. Neither Firefly, nor any of its affiliates, officers, directors, managers, shareholders, members or any of their respective successors or assigns is an insider of the Seller or any other Debtor. Firefly is not an equity holder of, nor a lender to, any of the Debtors and has not exerted control or undue influence over the Debtors.  Moreover, Firefly and the Debtors do not have any shareholders, officers, or directors in common.  There is no relationship between Firefly

and Seller, any affiliates of Seller or any of their respective directors or officers outside of their relationship as Purchaser and Seller under the Firefly Asset Purchase Agreement.

## No Successor Liability

18. I understand that Firefly is acquiring the Purchased Assets free and clear of any liens, claims, encumbrances, or interests (except for the Permitted Encumbrances), in each case as set forth in the Firefly Asset Purchase Agreement and the proposed Sale Order. Firefly would not have entered into the Firefly Asset Purchase Agreement and would not consummate the transactions contemplated thereby, including, without limitation, the Sale Transaction, if such assets could not be acquired free and clear of all liens, claims, encumbrances, and interests (except for the Permitted Encumbrances).

19. Further, Firefly would not have agreed to the transaction contemplated by the Firefly Asset Purchase Agreement if Firefly could be held liable for claims against the Debtors under any theory of successor liability, *de facto* merger, substantial continuity, or similar theories related to or arising under any local, state, or federal laws.

20. Finally, Firefly will not consummate the transactions contemplated by the Firefly Asset Purchase Agreement, including, without limitation, the Sale Transaction, unless the Court expressly orders that none of Firefly, its affiliates, its present or contemplated shareholders, or the Purchased Assets will have any liability whatsoever with respect to, or be required to satisfy in any manner, whether at law or equity, or by payment, setoff (except for setoffs exercised prior to the Petition Date), or otherwise, directly or indirectly, any Claims.

[*Remainder of page intentionally left blank*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: June 15, 2023

*/s/ David Wheeler*
Name: David Wheeler
Title: General Counsel
Firefly Aerospace, Inc.
