## Exhibit A

### Proposed Preliminary Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------- x

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| VIRGIN ORBIT HOLDINGS, INC., *et al.*,[1] | : | Case No. 23-10405 (KBO) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |
|  | : |  |

---------------------------------------------------------- x

|  |  |  |
|---|---|---|
| VLADIMIR BOYKO, on behalf of himself and | : |  |
| all others similarly situated, | : |  |
|  | : |  |
| Plaintiff, | : | Adv. Proc. No. 23-50324-KBO |
|  | : |  |
| v. | : | **Docket Ref. No. 11** |
|  | : |  |
| VIRGIN ORBIT, LLC, | : |  |
|  | : |  |
| Defendant. | : |  |

---------------------------------------------------------- x

**ORDER (I) APPROVING, ON A PRELIMINARY BASIS, THE SETTLEMENT
AGREEMENT AND GENERAL RELEASE OF CLAIMS WITH VLADIMIR BOYKO,
ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,
(II) CERTIFYING A CLASS OF CLAIMANTS FOR SETTLEMENT PURPOSES ONLY,
APPOINTING CLASS COUNSEL AND A CLASS REPRESENTATIVE,
(III) APPROVING THE FORM AND MANNER OF NOTICE TO THE CLASS
MEMBERS OF THE CLASS CERTIFICATION AND SETTLEMENT,
(IV) SCHEDULING A FAIRNESS HEARING TO CONSIDER FINAL APPROVAL OF
THE SETTLEMENT, AND (V) GRANTING RELATED RELIEF**

---

[1]    The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number, are:  Virgin Orbit Holdings, Inc. (6914); Virgin Orbit National Systems, LLC (3801); Vieco USA, Inc. (0492); Virgin Orbit, LLC (9648); and JACM Holdings, Inc. (1445).  The Debtors' mailing address for purposes of these cases is 3880 McGowen Street, Long Beach, CA 90808.

The Court has considered the motion ("**Motion**")[2] of Virgin Orbit Holdings, Inc. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") for the entry of orders: (a) approving on a preliminary basis the Settlement and Release Agreement (the "**Settlement Agreement**" or "**Settlement**") and annexed hereto as **Exhibit I** among Debtor Virgin Orbit, LLC ("**Virgin Orbit**" or "**Debtor**") and Virgin Investments Limited (together with its affiliates, "**VIL**"), on the one hand, and Vladimir Boyko (the "**Plaintiff**" or "**Class Representative**"), on his own behalf and, subject to final approval, on behalf of the settlement class (the "**Class Members**" or the "**Class**") (collectively, the "**Parties**") pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"); (b) (i) certifying the Class for settlement purposes only, (ii) appointing the law firm of Raisner Roupinian LLP as class counsel ("**Class Counsel**") for settlement purposes only, and (iii) appointing Vladimir Boyko as Class Representative for settlement purposes only; (c) approving the form and manner of notice to Class Members of the conditional class certification and settlement ("**Class Notice**") and annexed hereto as **Exhibit II**; (d) scheduling a fairness hearing (the "**Fairness Hearing**") to consider final approval of the Settlement Agreement pursuant to Federal Rule of Civil Procedure 23, made applicable by Bankruptcy Rule 7023, (e) after the Fairness Hearing, finally approving the Settlement Agreement; and (f) granting related relief.

**THE COURT HEREBY FINDS THAT:**

Based on the circumstances, including the range of possible outcomes, the cost, delay, and uncertainty associated with further litigation, the Settlement Agreement is sufficiently fair,

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion.

reasonable, adequate and cost-effective, and preliminary approval of the Settlement Agreement and approval of the Class Notice is warranted.

     A.     Service of the Class Notice by first class mail to Class Members at the addresses listed in the Debtor's books and records is: (a) reasonably calculated, under the circumstances, to apprise the Class of their right to object to or to exclude themselves from the proposed Settlement; (b) reasonable and constitutes due, adequate and sufficient notice to all persons entitled to receive notice; and (c) meets all requirements of due process and applicable law.

     B.     The Class Notice meets the requirements of Fed. R. Civ. P. 23(c)(2)(B) as it: (a) describes the nature of the action and the issues and defenses relevant to the action; (b) states that the Settlement Agreement, if approved, will be binding on all Class Members; (c) summarizes the terms of the Settlement Agreement, the right of each Class Member to opt-out of the Class and object to the Settlement Agreement either in person or through counsel at the Fairness Hearing; (d) informs Class Members that the Settlement Agreement (i) provides for the release of their Released Claims (as that term is defined in the Settlement Agreement), (ii) a total service payment of up to $20,000 in the aggregate for the Class Representative ("**Service Payment**"), (iii) the payment of attorney's fees to Class Counsel in an amount not to exceed one-third of the Qualified Settlement Fund (as that term is defined in the Settlement Agreement), and (iv) the payment of reasonable and necessary costs, which fees and costs are subject to court approval. *See* Fed. R Civ. P. 23(h).

     C.     Other good and sufficient cause exists for granting the relief requested in the Motion.

     **THEREFORE, IT IS HEREBY ORDERED THAT**:

     1.     The Motion is GRANTED as set forth herein.

2.      The Settlement Agreement is approved on an preliminary basis, subject to entry of a Final Order after consideration of the Settlement Agreement at the Fairness Hearing.

3.      Raisner Roupinian LLP is hereby appointed as Class Counsel.

4.      Vladimir Boyko is hereby appointed the Class Representative.

5.      The Settlement is accepted by the Class Counsel, on behalf of the Class Representative and all Class Members (except opt-outs). as treatment of the Class Representative and the Class Members' alleged claims in the Chapter 11 Cases arising out of or relating to the WARN Act and/or CAL-WARN Act and such treatment with respect to the Class Representative and the Class Members complies with Section 1129, including 1129(a)(9), of the Bankruptcy Code.

6.      The Parties are authorized to jointly designate and appoint the Administrator, American Legal Claim Services, LLC (the "**Settlement Administrator**").

7.      The form of Class Notice is hereby approved.

8.      Within three (3) days after the entry of this Order, Debtor shall provide Class Counsel with the names and addresses of the class members as noted in Debtor's records.

9.      On or before ten (10) business days after receipt from Debtor of the names and addresses of the Class members, Class Counsel shall provide notice of the pendency of the class action lawsuit by causing to be mailed the Notice, First Class postage prepaid, to all class members to their last known address as noted in the records of the Debtor, as updated by Class Counsel.

10.     Within five (5) days after such mailing, Class Counsel shall serve and file a sworn statement affirming compliance with this Order concerning the mailing of the Class Notice.

11.     The deadline for any Class Member to opt-out of the Class shall be 30 days from the date of mailing of the Class Notice.

12.     Class Notices that are received by the Settlement Administrator and marked as "undeliverable" do not need to be re-served, provided that the Debtors, or the Plan Administrator (as applicable), or Class Counsel cannot obtain a different address for such Class Member after reasonably diligent inquiry.

13.     Any Class Member who does not submit a timely and valid opt-out shall be bound by the terms of the Settlement Agreement.

14.     In the event that more than five Class Members exercise their right to opt-out of the Settlement, the Debtor, the Plan Administrator, or VIL may elect to terminate the Settlement Agreement and, if such a notice is timely delivered in accordance with the terms of the Settlement Agreement (i) the terms of the Settlement Agreement shall not be binding upon any of the Parties, (ii) none of the provisions of the Settlement Agreement shall be used or referred to in any subsequent proceeding in or relating to the Adversary Proceeding or any other action asserting claims under the WARN ACT and CAL-WARN Act against the Debtor, VIL or any of their respective affiliates, (iii) the Debtor and VIL shall not be required to deliver the Distribution Payment (as defined in the Settlement Agreement) and (iv) none of the provisions of the Settlement Agreement shall prejudice or impair any rights, remedies, or defenses of any of the Parties.

15.     Any Class Member who wishes to object to the proposed Settlement Agreement, as set forth in the Class Notice, shall do so no later than seven (7) days before the Fairness Hearing.

16.     The Bankruptcy Court shall conduct the Fairness Hearing on September 26, 2023 at 10:30 a.m. (ET), or at such other time as may be scheduled by the Court, at which time the Bankruptcy Court will consider final approval of the Settlement Agreement.  The Bankruptcy Court may adjourn the Fairness Hearing without further notice other than a notice of adjournment included in an agenda or other pleading filed on the docket of the Chapter 11 Cases.

17.     This Court retains jurisdiction and power to construe, interpret, enforce, and implement the Settlement Agreement and this Order.

## Exhibit I

**Settlement Agreement**

## SETTLEMENT AGREEMENT

This Settlement Agreement, dated as of   July 24  , 2023 (this "Settlement Agreement"), is entered into by and among: (a) Virgin Orbit, LLC  (the "Debtor" or "Defendant"), (b) Vladimir Boyko ("Plaintiff" and the "Class Representative"), on behalf of himself and all others similarly situated (the "Class Members" or the "Class"), and (c) Virgin Investments Limited (together with its affiliates, "VIL").  The Debtor, the Class Members and VIL are collectively referred to as the "Parties," or, as to each, a "Party."

## RECITALS

WHEREAS, beginning on or about April 3, 2023, Plaintiff and other employees of Debtor who worked at or reported to Debtor's facilities in Long Beach, California and Mojave, California were terminated without cause;

WHEREAS, on April 4, 2023, Virgin Orbit, LLC and four affiliated debtors each filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Chapter 11 Cases").  The cases are being jointly administered under Case No. 23-10405-KBO (Bankr. Case No. 23-10405 (Bankr. D.I. 43);

WHEREAS, on April 4, 2023, Plaintiff commenced an adversary proceeding in this Court against Debtor (Adv. Proc. No. 23-50324-KBO) (the "Adversary Proceeding"), seeking damages in the amount of 60 days' pay and ERISA benefits due to Debtor's alleged violation of the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq.*, and California Labor Code § 1400 *et seq*. ("CAL-WARN Act") (Adv. D.I. 1);

WHEREAS, on April 13, 2023, Plaintiff filed a Motion for Class Certification and Related Relief (Adv. D.I. 11);

1

WHEREAS, on July 7, 2023, Debtor filed an Objection to the Motion for Class Certification and Related Relief (Adv. D.I. 16);

WHEREAS, the Motion for Class Certification is pending;

WHEREAS, the Parties have informally exchanged their theories of the case and relevant documents, including payroll data and damage calculations;

WHEREAS, in July 2023, following arm's-length negotiations, the Parties reached agreement on a compromise that will fully and finally resolve Plaintiff's Claims against the Debtor and VIL and their affiliates (the "Settlement"), which is subject to the terms hereof;

WHEREAS, VIL owns the majority of the publicly traded equity of the Debtor and is the sponsor of the Plan (as defined below), making contributions to fund distributions thereunder and in these Chapter 11 Cases, including, among other things, the distributions under this Settlement;

WHEREAS, Plaintiff has threatened to assert claims under the WARN ACT and CAL-WARN Act against VIL or join VIL as a defendant in the Adversary Proceeding, even though VIL denies any and all liability with respect to any such claims;

WHEREAS, there appear to be significant, complex legal and factual issues in dispute between the Parties that would, absent consensual resolution, require extensive discovery, including class discovery, and protracted litigation; and

WHEREAS, to avoid extensive, costly, and uncertain litigation, the Parties desire to enter into a final settlement and release of all demands, claims, damages, and causes of action arising out of or relating in any way to the Adversary Proceeding in accordance with the terms of this Settlement, subject to Bankruptcy Court approval.

**NOW, THEREFORE**, in consideration of the mutual promises and agreements set forth herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree, subject to Bankruptcy Court approval, as follows:

1.    **Settlement Filings.**  The Parties shall file with the Bankruptcy Court a joint motion under Rule 23 of the Federal Rules of Civil Procedure (the "Federal Rules") as made applicable by Rule 7023 ("Rule 23") of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Bankruptcy Rule 9019 for approval of this Settlement Agreement through a two-stage hearing process (the "Settlement Motion").  The Settlement Motion shall request an initial hearing to be set within thirty days of the filing of the Settlement Motion, at which the Parties shall seek entry of an order certifying a class for settlement purposes only, preliminarily approving this Settlement Agreement, and approving the form and manner of notice informing Class Members of the Settlement and their right to opt-out or object to the Settlement (the "Preliminary Approval Order").  The Parties shall also request a date for a fairness hearing (the "Fairness Hearing") to consider final approval of the Settlement Agreement.  At the Fairness Hearing, the Parties shall seek entry of an order approving the Settlement Agreement on a final basis (the "Final Approval Order").  The Parties agree to cooperate in seeking timely and expedited approval of the Settlement Agreement.

2.    **Class Certification.**  Subject to entry of the Preliminary Approval Order, the Parties consent that a class shall be certified for settlement purposes only pursuant to Rules 23(b)(3) and 23(e)(2) of the Federal Rules as made applicable to these proceedings by Bankruptcy Rule 7023. The Class shall be defined as: Plaintiff and all persons (i) who worked at or reported to Defendant's Facilities in Long Beach or Mojave, California, (ii) who were terminated without cause beginning on April 3, 2023, or within 30 days of that date, (iii) who did

3

not sign a Confidential Separation and Release Agreement, and (iv) who have not filed a timely request to opt-out of the class.

In addition, Raisner Roupinian LLP shall be appointed Class Counsel ("Class Counsel") and Plaintiff Vladimir Boyko shall be appointed Class Representative for the class created under this Settlement Agreement.

3.     **Effective Date and Potential Termination.**  Subject to the provisions of paragraph 13 below, this Settlement Agreement shall become effective on the date on which the Final Settlement Order becomes a "Final Order" (the "Effective Date").  The Final Settlement Order shall become a Final Order when the time for taking an appeal under Bankruptcy Rule 8002 has expired or, in the event that an appeal has been taken, the day the Final Settlement Order has been affirmed with no further right of appeal under the Bankruptcy Rules.  In the event that the Effective Date cannot occur, including without limitation by reason of the Bankruptcy Court's entry of a Final Order denying approval of the Settlement with prejudice or delivery of a Withdrawal Notice (as defined below), (i) this Settlement Agreement and the recitals contained herein shall terminate and become void and without force or effect, and neither this Settlement Agreement, nor any of the statements contained herein, shall be admissible in any proceeding involving the Parties; (ii) neither the Settlement Motion nor any pleading filed in support of the Settlement Motion shall be admissible in any proceeding involving the Parties; and (iii) none of the provisions hereof shall prejudice or impair any rights, remedies, or defenses of any of the Parties.

4.     **Allowance of and Distribution on Class Claim.**

(a)     Pursuant to the terms of this Settlement Agreement, and upon the Effective Date, the Class, in full and final settlement of the WARN Action and the claims asserted therein, shall be granted an aggregate allowed priority claim against the Debtor pursuant to 11 U.S.C.

4

§507(a)(4) of one million four hundred fifty-five thousand dollars ($1,455,000) (the "Allowed Class Claim"), which amount shall be subject to the 11 U.S.C. §507(a)(4) statutory cap of $15,150 per employee, which is the applicable statutory cap.  The Allowed Class Claim is inclusive of Class Counsel's Fees, Class Counsel's Expenses, and the Class Representative's Service Payment, and, for the avoidance of doubt, no counsel or representative on behalf the Class shall be entitled to assert a claim or recover any amounts from the Debtor, VIL, or their respective affiliates beyond the Allowed Class Claim.  The Allowed Class Claim is exclusive of the employer's share of payroll taxes and the cost of administration, which shall be paid by the Debtor and/or VIL from separate funds.

(b)     Subject to the terms of paragraph 4(c) below, the Debtor and VIL shall cause the Allowed Class Claim amount of $1,455,000 in addition to the cost of administration  and the employer's share of payroll taxes (collectively, the "Distribution Payment") to be paid to a qualified settlement fund to be established by the Administrator (as defined below) in conformity with Internal Revenue Code §468B (the "Qualified Settlement Fund") pursuant to written instructions provided by Class Counsel, reasonably acceptable to the Debtor and VIL.  The name of the Qualified Settlement Fund shall be *VO QSF*, and the Administrator, American Legal Claim Services, LLC (the "Administrator") of the Qualified Settlement Fund shall provide the Debtor with a W-9 for the Qualified Settlement Fund to enable payment of the Distribution Payment to the Qualified Settlement Fund.

(c)     Absent issuance of a Withdrawal Notice pursuant to paragraph 13 of this Settlement Agreement, the Debtor and VIL shall be obligated to deposit the Distribution Payment, in an amount calculated by the Administrator in accordance with paragraph 6(c) hereof, into the Qualified Settlement Fund within ten (10) business days following the Effective Date (which, for

the avoidance of doubt, cannot occur before Class Counsel shares with the Debtor, the Plan Administrator, and VIL the list of the Class Members who have opted-out of the Settlement and the period to submit a Withdrawal Notice pursuant to paragraph 13 of this Settlement Agreement has expired). The Administrator, as soon as practicable thereafter, shall cause each Class Member's individual distribution to be paid from the Qualified Settlement Fund and shall transmit distributions via first class U.S. Mail to each Class Member (who did not otherwise opt-out) to their last known address (or to such other address as the Debtor may provide to Class Counsel or that Class Counsel may locate), in accordance with applicable law. By accepting his or her distribution from the Qualified Settlement Fund, each Class Member agrees that he or she will be solely responsible for any and all individual tax obligations and liabilities stemming from the payment of such distribution, provided however that the Administrator shall be solely responsible for any tax withholdings required by applicable law with respect to distributions to Class Members, and for transmitting such withheld funds to the applicable taxing authority/ies. Upon or before entry of the Preliminary Approval Order, the Debtor agrees to provide the Administrator with social security numbers and addresses for each Class Member, to the extent known to the Debtor based on the records in the Debtor's possession. The Administrator agrees to keep the Class Members' social security numbers confidential and will use them only to locate Class Members, in the preparation of tax filings, or as otherwise needed to enable the Administrator to comply with applicable law.

(d)     The Class Representative agrees, on behalf of himself and all Class Members, to accept this Settlement as treatment of any alleged claims in the Chapter 11 Cases arising out of or relating to the WARN Act and/or the CAL-WARN Act and that such treatment

6

with respect to the Class Representative and Class Members complies with section 1129, including section 1129(9), of the Bankruptcy Code.

5.    **Responsibilities of Class Counsel.**    Class Counsel shall be solely responsible for the production and mailing of all notices required to be provided to the Class Members (the "Class Notice").  Class Counsel shall be responsible for mailing the Class Notice to the Class Members within fifteen (15) business days following entry of the Preliminary Approval Order.   Class Counsel shall be solely responsible for responding to all inquiries from Class Members related to the Settlement and calculating the Pro Rata Shares to be distributed to the Class Members as set forth in paragraphs 6 and 7 below.  Class Counsel shall provide the Debtor, the Plan Administrator, and VIL (as defined in the *Third Amended Joint Chapter 11 Plan of Virgin Orbit Holdings, Inc. and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Bankr. D.I. 463], as may be amended, the "Plan"), with a list of the Class Members who have opted-out of the Settlement Agreement within one (1) business day of the deadline for opt-outs specified in the Class Notice.

6.    **Allocation of the Allowed Class Claim and Disbursement of the Same to Class Members.**

(a)    Allocation of the Allowed Class Claim.  The Allowed Class Claim (after being reduced on account of the Class Representative's Service Payment, Class Counsel's Fees, and Class Counsel's Expenses, all as defined below) shall be distributed to individual Class Members on a pro rata basis (their "Pro Rata Share") based upon each individual Class Member's (a) regular monthly gross wages or salary  and any benefits under any employee benefit plan, (b) their hire date, notice date and termination date, based on Debtor's books and records, and (c) any voluntary payments they received at termination  (the "Back Pay").  The term "pro rata" as used herein shall mean the quotient of each Class Member's Back Pay for the Back-Pay Period over the aggregate Back Pay for all Class Members.  The term "Back-Pay Period" shall be up to 60 days as calculated

7

pursuant to the WARN Act. No Class Member's share of the recovery from the Qualified Settlement Fund may exceed $15,150, which is the applicable priority cap pursuant to Section 507(a)(4) of the Bankruptcy Code.

        (b)      <u>Disbursement of Allowed Class Claim</u>.  The Administrator, as fiduciary on behalf of the Qualified Settlement Fund, shall be solely responsible for making distributions from the Qualified Settlement Fund of any amounts required by this Settlement Agreement, including the preparation and mailing of the individual settlement checks to Class Members in accordance with applicable law.

        (c)      <u>Taxes on Distributions and Duties of Administrator</u>.  The Administrator shall be solely responsible for calculating, withholding, and remitting payment of all income tax withholdings and statutory taxes (both employer and employee payroll taxes) to the taxing authorities in accordance with applicable law.  Payroll withholding shall include all applicable federal and local income taxes, and statutory taxes, including, without limitation, Federal Insurance Contribution Act, federal and state unemployment insurance, state disability and insurance, and employment training amounts, associated with the distributions to Class Members receiving payments under this Settlement Agreement (collectively, "<u>Payroll Taxes</u>").  The Administrator shall also calculate the amount owed for the employer's share of all applicable Payroll Taxes (the "<u>Employer Payroll Taxes</u>"), which shall be funded by the Debtor.  All such Payroll Taxes shall be paid promptly by the Administrator to the appropriate taxing authorities.  The Administrator shall pay the employees' shares of such taxes by deducting such amounts from each Class Member's Pro Rata Share.  The Administrator shall be responsible for fulfilling reporting requirements, including federal and state payroll tax returns, the issuance of Forms W-2 and other required federal and state tax forms, and related matters.  For the purpose of calculating applicable taxes,

the Parties agree that one hundred percent (100%) of the amounts actually paid to the Class Members after deducting the items in paragraphs 6(e) and 7 below, but before deducting employee taxes, shall constitute wages reportable on Internal Revenue Service Form W-2.  The Administrator shall also be responsible for the preparation and mailing of the individual settlement checks to Class Members (including the check containing the Class Representative's Service Payment).

(d)    Residual Funds.  Any distributions from the Qualified Settlement Fund to Class Members that are not deposited or presented for payment within one hundred eighty (180) days of the distribution shall be deemed residual funds (the "Residual Funds") and be distributed to anyone inadvertently omitted from the Class, who Class Counsel qualify to be Class Members, with any remaining funds donated to United4Respect, a non-profit 501(c)(3) charitable organization which advocates on behalf of employees' rights.  No portion of the Residual Funds shall revert to or be retained by the Debtor, the Estate, or Class Counsel for any reason.

(e)    Service Payment to Class Representative.  The Class Representative shall receive a one-time payment from the distribution from the Qualified Settlement Fund in the amount of $20,000 Dollars for his service in this matter (the "Class Representative's Service Payment").  The Administrator shall distribute the Class Representative's Service Payment to the Class Representative, in addition to the Class Representative's Pro Rata Share of the Qualified Settlement Fund on account of the Allowed Class Claim.[1]  Class Counsel's Fees (as defined below) will not be deducted from the Class Representative's Service Payment.  The Service Payment shall be characterized as non-employee compensation to the Class Representative and shall be reported to the taxing authorities on behalf of the Class Representative on an IRS Form 1099, and before payment is made, the Class Representative shall provide to Debtor a completed for W-9.  None

---

[1] For avoidance of doubt, the Class Representative's Service Payment shall not count against the statutory cap of 11 U.S.C. §507(a)(4) for the Class Representative.

of the Debtor, VIL, nor any of their respective affiliates shall be responsible for any taxes, penalties, or interest imposed with respect to the payment of the Class Representative's Service Payment. The Class Representative's Service Payment shall be paid exclusively from the Qualified Settlement Fund. The Class Representative shall have no right to payment, either as an administrative expense, unsecured claim, or otherwise, from VIL, the Debtor or the Estate for any reason at any time on account of the Class Representative's Service Payment.

7. **Class Counsel's Fees and Expenses.** Class Counsel will seek approval from the Bankruptcy Court of attorneys' fees ("Class Counsel's Fees") in the amount of one-third (1/3) of the Allowed Class Claim amount, net of the Class Representative's Service Payment, Class Counsel's expenses (including costs associated with the production and mailing of the Class Notice) not to exceed $25,000 ("Class Counsel's Expenses). Class Counsel's Fees and Class Counsel's Expenses shall be payment in full for Class Counsel's work and expenses in connection with the matter. Class Counsel's Fees and Class Counsel's Expenses shall be paid exclusively from the Qualified Settlement Fund. Class Counsel shall have no right to payment, either as an administrative expense, unsecured claim, or otherwise, from the Debtor or the Estate, for any reason at any time.

8. **The Class Notice.** Class Counsel shall be responsible for the preparation and mailing of the Class Notice through the Administrator at Class Counsel's expense. The Administrator's address will be used as the return address for the Class Notice so that any returned Class Notices will be returned to the Administrator. Class Counsel shall ensure the mailing of the Class Notice by first class mail to the Class Members no later than fifteen (15) business days after entry of the Preliminary Approval Order by the Bankruptcy Court. The Class Notice shall be in a form as may be approved by the Bankruptcy Court. In the event a Class Notice is returned as

10

undeliverable, the Administrator shall mail the Class Notice to the corrected address of the intended Class Member recipient as may be determined by the Administrator or Class Counsel through a search of a national database or as may otherwise be obtained by the Parties.

(a)    Contents of the Class Notice.  The Class Notice shall contain the following information:

(i)    The Settlement shall become effective only if it is finally approved by the Bankruptcy Court under Rule 23;

(ii)    That Class Members have the right to opt-out of the Class by the deadline specified in the Class Notice and/or object to the Settlement Agreement either in person or through counsel at the Fairness Hearing; and

(iii)    That upon the Effective Date, all Released Claims (defined below) of a Class Member in the Class (other than those claims to be paid under the terms of this Settlement Agreement) shall be waived, and that no person, including the Class Member, shall be entitled to any further distribution thereon.

9.    **Objection to Settlement Procedures**.  A Class Member may object to this Settlement by sending timely written notice of such objection to Class Counsel and counsel to the Debtor at the addresses set forth in paragraph 19(b) below and filing such objection with the Bankruptcy Court.  Any such objections shall state: (i) the objector's full name, mailing address, and telephone number, (ii) if applicable, the full name, mailing address, and telephone number of the objector's attorney, and (iii) all reasons for objecting to the Settlement and any supporting papers, materials, or briefs.  Any such objections must be filed with the Bankruptcy Court by the objection deadline established by the Bankruptcy Court in its Preliminary Approval Order.

10.    **Release of Claims.**

(a)    Except for the rights expressly arising out of, provided for, or reserved in this Settlement Agreement, upon the Effective Date, the Class Members, for and on behalf of themselves, and their respective predecessors, successors, assigns, affiliates, subsidiaries, heirs, personal representatives and estates (collectively, the "Releasing Parties"), do hereby fully and forever release and discharge the Debtor, the Estate, VIL and each of their respective current and former direct or indirect members, parents, subsidiaries and affiliated entities, and each of their respective officers, directors, control persons, equity holders, shareholders, agents, employees, partners, members, accountants, attorneys, representatives and other agents, and all of their respective predecessors, successors and assigns (collectively, the "Released Parties"), of and from any and all claims, demands, debts, liabilities, obligations, liens, actions and causes of action, costs, expenses, attorneys' fees, and damages of whatever kind or nature, whether in law or in equity, whether sounding in tort, contract, federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law, whether known or unknown, anticipated, suspected, or disclosed, that the Releasing Parties may now have or hereafter may have against the Released Parties, arising out of, related to or similar to the facts alleged in the Adversary Proceeding or otherwise arising out of or related, the DIP Loans (as defined in the Plan), or the Prepetition Secured Notes (as defined in the Plan) (collectively, the "Released Claims"). The Released Parties expressly reserve the right to object to, offset, or oppose any and all claims, obligations, or causes of action, of any type, except those claims expressly allowed hereunder. Upon the Effective Date, the Class Members agree that any Released Claims shall be deemed waived without need for further court order, and the Class Members agree that any Released Claims that have been filed by, or on behalf of, any Releasing Party in the Bankruptcy Case are

12

disallowed in their entirety and shall be deemed expunged from the claims register.  In addition,

each Releasing Party shall be deemed upon the Effective Date to have released the Class

Representative from any and all claims whether liquidated or unliquidated, contingent or non-

contingent, asserted or unasserted, fixed or not, matured or unmatured, disputed or undisputed,

legal or equitable, known or unknown that he or she may have against the Class Representative,

any successors or assignees to their legal interests, or any of their present or former agents,

attorneys or consultants arising out of any Released Claim or the terms of this Settlement.

(b)    The Releasing Parties expressly waive and release, to the fullest extent that

the law permits, any and all provisions, rights, and benefits conferred by § 1542 of the California

Civil Code, which provides:

> Section 1542.  <u>Certain Claims Not Affected by General Release</u>.  A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party;

or by any law of any state or territory of the United States, or principle of common law, which is

similar, comparable, or equivalent to Section 1542 of the California Civil Code.

(c)    Class Counsel shall be prohibited, barred, and forever estopped from filing,

initiating, pursuing, or otherwise assisting in the pursuit of any Released Claim.

11.    **Class Members' Exclusive Remedy.**  All claims of the Releasing Parties arising

from or related to this Settlement Agreement are to be paid pursuant to the terms of, and in

accordance with, this Settlement Agreement and the Plan.  This Settlement Agreement and the

distributions under the Plan represent each such Releasing Party's exclusive remedy as against any

of the Released Parties for all Released Claims or causes of action or claims for relief related to

or similar to the facts alleged in the Adversary Proceeding or otherwise arising out of or related

13

the DIP Loans, or the Prepetition Secured Notes.  Accordingly, upon the Effective Date, no Released Party shall be subject to liability or expense of any kind to any Releasing Party with respect to any claim or cause of action related to or similar to the facts alleged in the Adversary Proceeding or otherwise arising out of or related to the Chapter 11 Cases, the DIP Loans, or the Prepetition Secured Notes, including the Released Claims, and, as of the Effective Date, each Releasing Party shall be enjoined from instituting or maintaining any claim or cause of action arising from or related to the Action, including the Released Claims, against any Released Party in any state or federal court or any other forum.

12.    **Dismissal of WARN Action.**  A stipulation of dismissal with prejudice of the Adversary Proceeding shall be executed by the Debtor and the Class Representative and filed within fourteen (14) days from the latter of (i) the Effective Date, and (ii) remittance of the Distribution Payment by the Debtor to the Qualified Settlement Fund.

13.    **Right to Withdraw from Settlement Agreement.**  In the event that more than 5 Class Members exercise their right to opt-out of this Settlement, the Debtor, the Plan Administrator, or VIL may elect to terminate this Settlement Agreement by providing written notice (the "Withdrawal Notice") pursuant paragraph 19(b) of this Settlement Agreement to Class Counsel within five (5) business days of the date on which the Plan Administrator and VIL are informed of the number of Class Members who have opted-out of the Settlement Agreement. Upon sending the Withdrawal Notice, (i) the terms of this Settlement Agreement shall not be binding upon any of the Parties hereto, (ii) none of the provisions hereof shall be used or referred to in any subsequent proceeding in or relating to the Adversary Proceeding or any other action asserting claims under the WARN ACT and CAL-WARN Act against the Debtor, VIL, or any of

their respective affiliates, and (iii) none of the provisions hereof shall prejudice or impair any rights, remedies, or defenses of any of the Parties.

14.     **No Litigation.**  Except as may be necessary to enforce the terms of this Settlement, the Parties agree that they shall not commence or proceed with any action, claim, suit, proceeding, or litigation with respect to the Released Claims, or take any action inconsistent with the terms of the Settlement.

15.     **No Admission of Liability.**   The execution of this Settlement Agreement by the Debtor, and any representations or statements made herein by the Debtor, shall not be construed as an admission of any violation by any party (including for the avoidance of doubt VIL) of the WARN Act, the CAL-WARN Act, or any other state of federal law or liability thereunder.  This Settlement Agreement shall not be admissible in any proceeding arising from or related to any of the matters addressed herein, including, but not limited to, the Adversary Proceeding, or any similar claims raised by parties other than the Plaintiff, or the defenses raised in any answer.

16.     **Representations and Warranties.**  The Parties represent and warrant that upon Bankruptcy Court approval of this Settlement, any person signing this Settlement Agreement on behalf of an entity or class, the person has the legal right and authority to enter into this Settlement and the transactions and releases contemplated hereby, and bind such entity or class in accordance with the terms of this Settlement Agreement.

17.     **Further Assurances.**  The Parties shall cooperate fully and shall execute and deliver any and all supplemental papers, documents, instruments and other assurances and shall do any and all acts that may be reasonably necessary or appropriate to give full force and effect to the terms and intent of this Settlement.

18.    **No Third-Party Beneficiaries.**  This Settlement Agreement does not constitute a contract for the benefit of any third parties, any prior creditors or claimants of the Parties, or any nonparty, other than the Plaintiff and the Class Members in relation to the provisions of this Settlement Agreement and the Released Parties.  This Settlement Agreement shall not inure to the benefit of any third-party purchasers who purport to obtain claims of the Plaintiff or Class Members through assignment, transfer or otherwise.

19.    **Miscellaneous.**

(a)    Governing Law/Jurisdiction.  This Settlement shall be governed by the internal laws of the State of Delaware, without regard to conflict of law principles, to the extent not inconsistent with the Bankruptcy Code.  The Bankruptcy Court shall have full jurisdiction over this Settlement and any dispute or controversy arising from or related to the interpretation or enforcement of this Settlement.

(b)    Notices.  Any notice or other communication required or permitted to be delivered under this Settlement shall be: (i) in writing; (ii) delivered by courier service or by first-class postage prepaid U.S. mail, with a copy sent by e-mail; (iii) deemed to have been received on the date of delivery; and (iv) addressed as follows (or to such other address as the Party entitled to notice shall hereafter designate by a written notice filed with the Bankruptcy Court):

>   **If to the Debtor, to:**
>
>   Latham & Watkins LLP
>   1271 Avenue of the Americas
>   New York, New York 10020
>   Attention: George Klidonas, Esq.
>   Email:  george.klidonas@lw.com

**If to Class Members or Class Counsel, to:**

Raisner Roupinian LLP
270 Madison Avenue, Suite 1801
New York, NY 10016
Attention:  René S. Roupinian, Esq.
Email: rsr@raisnerroupinian.com

**If to Virgin Investments Limited, to:**

Craigmuir Chambers
Road Town, Tortola VG 1110
British Virgin Islands
Telephone: 1-284-494-2233
Email: vghl@harneys.com

with a copy to:

Virgin Management USA, Inc.
65 Bleecker St., 6th Floor
New York, NY 10012
Attention: General Counsel
Telephone: 212-497-9098
Email: james.cahillane@virgin.com

and

Brian Resnick and Josh Sturm, counsel to Virgin Investments Limited
Davis Polk & Wardwell LLP
450 Lexington Ave
New York, NY 10017
Email: brian.resnick@davispolk.com and joshua.sturm@davispolk.com

(c)      Severability.   Should any provision(s) of this Settlement Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, then the legality, validity, and enforceability of the remaining parts, terms, and/or provisions shall not be affected thereby, and said illegal, unenforceable, or invalid part, term, or provision shall be deemed not to be a part of this Settlement Agreement.

(d)    <u>Amendments</u>.    This Settlement may not be modified, amended or supplemented by the Parties except by a written agreement that the Parties have signed with any required approval of the Bankruptcy Court.

(e)    <u>Integration</u>.  This Settlement and the Final Approval Order contain the entire agreement among the Parties with respect to the matters covered by this Settlement, and no promise or understanding or representation made by any Party, or any respective agent, director, officer, employee or attorney that is not expressly contained in this Settlement shall be binding or valid.

(f)    <u>Interpretation</u>.  This Settlement Agreement was the product of negotiations between the Parties, advised by their legal counsel, and any rule of construction requiring that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Settlement Agreement.

(g)    <u>Signatures</u>.    Facsimile or other electronic copies of signatures on this Settlement Agreement are acceptable, and a facsimile or other electronic copy of a signature on this Settlement Agreement shall be deemed to be an original.

(h)    <u>Counterparts</u>.    This Settlement may be executed in one or more counterparts, each of which together or separately shall constitute an original and which, when taken together, shall be considered one and the same binding agreement.

(i)    <u>Cooperation</u>.  The Parties agree to cooperate with one another to effectuate this Settlement.

(j)    <u>No Impact on Plan Going Effective</u>.  The Parties acknowledge and agree that the Debtor's Plan may go effective prior to the Effective Date of this Settlement Agreement.

(k)    <u>Binding Nature of Settlement</u>.  Subject to the specific termination rights set forth herein, this Settlement shall be binding upon and shall inure to the benefit of the Parties and their respective successors, transferees, assigns, heirs, and estates.

(l)    <u>Non-Admissibility</u>.    The negotiations resulting in this Settlement Agreement have been undertaken by the Parties and their respective counsel in good faith and for settlement purposes only.  No evidence of negotiations or discussions underlying this Settlement Agreement shall be offered or received in evidence for any purpose in any action or proceeding.

IN WITNESS WHEREOF, the Parties have executed and delivered this Settlement Agreement as of the date first written above.

DEBTOR VIRGIN ORBIT, LLC

By:  _____
     Name: Alan J.Carr
     Title: Director

RAISNER ROUPINIAN LLP,
as Class Counsel and on behalf of the Class
Representative and Class Members

By:  _____
     Name:   René S. Roupinian, Esq.
     Title:   Class Counsel

VIRGIN INVESTMENTS LIMITED

By:  _____
     Name:
     Title:

(k)    <u>Binding Nature of Settlement</u>.  Subject to the specific termination rights set forth herein, this Settlement shall be binding upon and shall inure to the benefit of the Parties and their respective successors, transferees, assigns, heirs, and estates.

(l)    <u>Non-Admissibility</u>.    The negotiations resulting in this Settlement Agreement have been undertaken by the Parties and their respective counsel in good faith and for settlement purposes only.  No evidence of negotiations or discussions underlying this Settlement Agreement shall be offered or received in evidence for any purpose in any action or proceeding.

IN WITNESS WHEREOF, the Parties have executed and delivered this Settlement Agreement as of the date first written above.

DEBTOR VIRGIN ORBIT, LLC

By: _____
        Name:
        Title:

RAISNER ROUPINIAN LLP,
as Class Counsel and on behalf of the Class
Representative and Class Members

By: _____
        Name:    René S. Roupinian, Esq.
        Title:    Class Counsel

VIRGIN INVESTMENTS LIMITED

By: _____
        Name:
        Title:

19

RAISNER ROUPINIAN LLP,
on behalf of the Class Representative and Class
Members

By: _____
     Name:  René S. Roupinian, Esq.
     Title:   Class Counsel


VIRGIN INVESTMENTS LIMITED

By: _____
     Name:  Josh Bayliss
     Title:   Director

[Signature Page to Settlement Agreement]

**<u>Exhibit II</u>**

**Class Notice**

**THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| VIRGIN ORBIT HOLDINGS, INC., *et al.*[1] , <br><br>                 Debtors. | Chapter 11 <br><br> Case No. 23-10405 (KBO) <br><br> (Jointly Administered) |
| VLADIMIR BOYKO, on behalf of himself and all others similarly situated, <br><br>                 Plaintiff, <br><br>      v. <br><br> VIRGIN ORBIT, LLC, <br><br>                 Defendant. | Adv. Proc. No. 23-50324-KBO |

## NOTICE OF PROPOSED SETTLEMENT AND FAIRNESS HEARING

**August [●], 2023**

**TO:  CERTAIN FORMER EMPLOYEES OF VIRGIN ORBIT, LLC**

There is currently pending a class action lawsuit titled *Vladimir Boyko v. Virgin Orbit, LLC* in the United States Bankruptcy Court for the District of Delaware, Adv. Proc. No. 23-ap-50324-KBO. Plaintiff, Vladimir Boyko ("Plaintiff"), sued Defendant Virgin Orbit, LLC ("Defendant" or "VO") for having terminated him and certain other employees without advance notice under the federal and California WARN Acts.

Plaintiff, VO, and Virgin Investments Limited (collectively, the "Parties") have reached a proposed settlement of this lawsuit (the "Settlement") in which money would be distributed to the Class Members, Mr. Boyko, as the Class Representative, and Class Counsel (each defined below).  The Bankruptcy Court has authorized the sending of this notice to you as a Class Member (defined below).

---

[1] The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number, are: Virgin Orbit Holdings, Inc. (6914); Virgin Orbit National Systems, LLC (3801); Vieco USA, Inc. (0492); Virgin Orbit, LLC (9648); and JACM Holdings, Inc. (1445). The Debtors' address is 4022 East Conant Street, Long Beach, CA 90808

**YOU ARE NOT BEING SUED**.  You should review this notice carefully as you may be entitled to receive money from the Settlement and your rights may be affected by the Settlement.  This notice advises you that Class Members who do not opt out of the Settlement can receive an award consisting of a pro rata share of the qualified settlement fund, and advises you of the date, time, and place of the hearing to approve the Settlement.

## DEFINITION OF THE CLASS

The Bankruptcy Court has certified the Class for settlement purposes only, appointed Plaintiff as the Class Representative, appointed Plaintiff's lawyers at Raisner Roupinian LLP as class counsel ("Class Counsel"), preliminarily approved the Settlement, approved this notice, and set a date for a final hearing for approval of the Settlement (the "Fairness Hearing").

The "Class" is defined as: Plaintiff and all persons (i) who worked at or reported to Defendant's Facilities in Long Beach or Mojave, California, (ii) who were terminated without cause beginning on April 3, 2023, or within 30 days of that date, (iii) who did not sign a Confidential Separation and Release Agreement, and (iv) who have not filed a timely request to opt-out of the Class.

"Class Members" are defined as a member of the Class.

You have been identified as a Class Member who is eligible to participate in the Settlement.

The "Class Representative" is Vladimir Boyko, a former employee who initiated this lawsuit.

## BACKGROUND

On or about April 3, 2023, Plaintiff and other employees of Defendant who worked at or reported to Defendant's facilities in Long Beach, California and Mojave, California were terminated without cause.

On April 4, 2023, VO and four affiliated debtors each filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.  The cases are being jointly administered under Case No. 23-10405-KBO.

On April 4, 2023, Plaintiff filed an adversary proceeding in this court against VO (Adv. Proc. No. 23-50324-KBO), seeking damages in the amount of 60 days' pay and ERISA benefits due to VO's alleged violation of the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq.*, and California Labor Code § 1400 *et seq.* ("CAL-WARN Act," and collectively with the WARN Act, the "WARN Acts").  Specifically, Plaintiff alleges that he and the other employees who were terminated from VO's facilities in Long Beach and Mojave should have received 60 days' notice of their terminations and that VO's failure to provide such notice entitles him and the other similarly situated employees to damages under the WARN Acts. Plaintiff has threatened to assert claims under the WARN Acts against VIL, even though VIL denies any and all liability with respect to such claims.  VO and VIL deny each of Plaintiff's allegations.

No court has made any finding related to liability.  The Parties have concluded that it is in their best interests to settle this lawsuit to avoid the risk, expense, and uncertain outcome associated with continued litigation.  The Settlement was reached through extensive arm's-length negotiations among the Parties.

Pursuant to an order dated _____, 2023, the Bankruptcy Court (i) preliminarily approved the Settlement; (ii) approved this notice, and (iii) scheduled the Fairness Hearing for final approval of the Settlement.

## COUNSEL TO THE PARTIES

Any questions you may have concerning the proposed Settlement should be directed to Class Counsel:  René S. Roupinian of Raisner Roupinian LLP, 270 Madison Avenue, Suite 1801, New York, New York 10016, Telephone: (212) 221-1747, or by fax to (212) 221-1747, or by email to rrllp@raisnerroupinian.com.

Counsel for VO is: George Klidonas of Latham & Watkins LLP, 1271 Avenue of the Americas, New York, New York 10020.

Counsel for VIL is:  Joshua Sturm of Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017.

Questions concerning the proposed Settlement should **NOT** be directed to counsel for VO or VIL.

## THE PROPOSED SETTLEMENT

The terms of the Settlement are set forth in the Settlement Agreement.  The following description of the proposed Settlement is only a summary and is qualified in its entirety by the terms of the Settlement Agreement, and any inconsistency shall be governed by the terms of the Settlement Agreement.  You may request the complete text of the Settlement Agreement from Class Counsel René S. Roupinian of Raisner Roupinian LLP by contacting her at 270 Madison Avenue, Suite 1801, New York, New York 10016, Telephone: (212) 221-1747, or by fax to (212) 221-1747, or by email to rrllp@raisnerroupinian.com.

The terms of the Settlement Agreement are summarized as follows:

a) **Settlement Amount (Allowed Class Claim):**  On the Effective Date, the Class, in full and final settlement of the WARN Action and the claims asserted therein, shall be granted an aggregate allowed priority claim against Defendant pursuant to 11 U.S.C. §507(a)(4) of one million four hundred fifty-five thousand dollars ($1,455,000) (the "Allowed Class Claim" or "Settlement Amount"), which amount shall be subject to the 11 U.S.C. §507(a)(4) statutory cap of $15,150 per employee, which is the applicable statutory cap. The Allowed Class Claim is inclusive of Class Counsel's Fees and Expenses (defined below), and the Class Representative Service Payment (defined below).  The Allowed Class Claim is exclusive of the employer's share of payroll taxes and the cost of administration, which shall be paid by VO and/or VIL from separate funds.

3

b) **Distribution of the Allowed Class Claim:**  The Allowed Class Claim (after being reduced on account of the Settlement Class Representative Service Payment (defined below), Class Counsel's Fees and Expenses   (defined below) shall be distributed to individual Class Members on a pro rata basis (their "Pro Rata Share") based upon each individual Class Member's (a) regular monthly gross wages or salary  and any benefits under any employee benefit plan, (b) their hire date, notice date and termination date, based on Debtor's books and records, and (c) any voluntary payments they received at termination (the "Back Pay").. The term "pro rata" as used herein shall mean the quotient of each Class Member's Back Pay for the Back-Pay Period over the aggregate Back Pay for all Class Members.  The term "Back-Pay Period" shall be up to 60 days as calculated pursuant to the WARN Act. No Class Member's share of the recovery from the qualified settlement fund may exceed $15,150, which is the applicable priority cap pursuant to 11 U.S.C. §507(a)(4) of the Bankruptcy Code.

c) **Responsibilities of VO & VIL:**  VO and VIL shall be responsible for funding employer's share of all applicable payroll taxes and the cost of administration, which amounts shall be paid to the administrator in addition to the Allowed Class Claim.

d) **Responsibilities of Class Counsel:**  In addition to calculating each Class Member's Pro Rata Share, Class Counsel shall be responsible for the production and mailing of all notices required to be provided to the Class Members, the expenses for which shall be paid from the Settlement Amount.

e) **Class Representative Service Payment:**  Subject to the Bankruptcy Court's approval, Plaintiff Vladimir Boyko, as the Class Representative, shall be entitled to a one-time payment of $20,000 (the "Class Representative Service Payment"), payable from the Settlement Amount in addition to his pro-rata share of the Settlement Amount.

f) **Class Counsel's Fees:**  Subject to the Court's approval, Class Counsel shall receive attorneys' fees of one-third (1/3) of the Allowed Class Claim amount, net of the Class Representative's Service Payment and Class Counsel's expenses (including costs associated with the production and mailing of the class notice not to exceed $25,000) ("Class Counsel's Fees and Expenses").

g) **Effective Date:**  The Settlement Agreement shall become effective on the date on which the final settlement order becomes a "final order" (the "Effective Date").  The final settlement order shall become a final order when the time for taking an appeal under Bankruptcy Rule 8002 has expired or, in the event that an appeal has been taken, the day the final settlement order has been affirmed with no further right of appeal under the Bankruptcy Rules.

h) **Release:**  Upon the Effective Date, the Class Members, for and on behalf of themselves, and their respective predecessors, successors, assigns, affiliates, subsidiaries, heirs, personal representatives and estates (collectively, the "Releasing Parties"), will fully and forever release and discharge VO, the estate, VIL, and each of their respective current and former direct or indirect members, parents, subsidiaries and affiliated entities, and each of their respective officers, directors, control persons, equity holders, shareholders, agents,

employees, partners, members, accountants, attorneys, representatives and other agents, and all of their respective predecessors, successors and assigns (collectively, the "Released Parties"), of and from any and all claims, demands, debts, liabilities, obligations, liens, actions and causes of action, costs, expenses, attorneys' fees, and damages of whatever kind or nature, whether in law or equity, whether sounding in tort, contract, federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law, whether known or unknown, anticipated, suspected, or disclosed, that the Releasing Parties may now have or hereafter may have against the Released Parties, arising out of, related to or similar to the facts alleged in the Adversary Proceeding, or otherwise arising out of or related to the DIP Loans (as defined in the Plan), or the Prepetition Secured Notes (as defined in the Plan) (collectively, the "Released Claims"). The Released Parties expressly reserve the right to object to, offset, or oppose any and all claims, obligations, or causes of action, of any type, except those claims expressly allowed hereunder. Upon the Effective Date, the Class Members agree that any Released Claims shall be deemed waived without need for further court order, and the Class Members agree that any Released Claims that have been filed by, or on behalf of, any Releasing Party in the Bankruptcy Case are disallowed in their entirety and shall be deemed expunged from the claims register. In addition, each Releasing Party shall be deemed upon the Effective Date to have released the Class Representative from any and all claims whether liquidated or unliquidated, contingent or non-contingent, asserted or unasserted, fixed or not, matured or unmatured, disputed or undisputed, legal or equitable, known or unknown that he or she may have against the Class Representative, any successors or assignees to their legal interests, or any of their present or former agents, attorneys or consultants arising out of any Released Claim or the terms of the Settlement.

The Releasing Parties expressly waive and release, to the fullest extent that the law permits, any and all provisions, rights, and benefits conferred by § 1542 of the California Civil Code, which provides:

> Section 1542. Certain Claims Not Affected by General Release. A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party;

or by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code.

i)   **Right to Withdraw From the Settlement Agreement:** In the event that more than five (5) Class Members exercise their right to opt-out of the Settlement, VO, the plan administrator, or VIL may elect to terminate the Settlement Agreement by providing written notice to Class Counsel within five (5) business days of the date on which the plan administrator and VIL are informed of the number of Class Members who have opted-out of the Settlement Agreement. Upon sending the withdrawal notice, (i) the terms of the Settlement Agreement shall not be binding upon any of the Parties, (ii) none of the provisions of the Settlement Agreement shall be used or referred to in any subsequent

proceeding in or relating to the Adversary Proceeding or any other action asserting claims under the WARN Act and CAL-WARN Act against VO, VIL, or any of their respective affiliates, and (iii) none of the provisions in the Settlement Agreement shall prejudice or impair any rights, remedies, or defenses of any of the Parties.

j) **Unclaimed Funds:**  In the event that any distributions from the qualified settlement fund to Class Members that are not deposited or presented for payment within one hundred eighty (180) days of the distribution shall be deemed residual funds and be distributed to anyone omitted from the Settlement Class, who Class Counsel qualify to be Class Members, with any remaining funds donated to United4Respect, a non-profit 501(c)(3) charitable organization which advocates on behalf of employees' rights.  No portion of the residual funds shall revert to or be retained by the VO, VO's estate, or Class Counsel for any reason.

k) **Claim Treatment:**  The Class Representative agrees, on behalf himself and all Class Members, to accept the Settlement as treatment of their alleged claims in the Chapter 11 Cases arising out of or relating to the WARN Act and/or CAL-WARN Act and that such treatment with respect to the Class Representative and the Class Members complies with Section 1129, including 1129(a)(9), of the Bankruptcy Code.

The proposed Settlement will be presented to the Bankruptcy Court for final approval at the Fairness Hearing to be held on _____ **at ___:00 __.m. (ET) at 824 North Market Street, ____Floor, Courtroom __, Wilmington, DE 19801.**

The Bankruptcy Court will, at that time, decide whether the Settlement is fair, reasonable, and adequate to the Class Members and whether the request of Class Counsel for attorneys' fees and expenses should be approved.  As explained below, you have the right to object to the proposed Settlement including the Class Counsel's request for attorneys' fees and expenses and to appear in person at the Fairness Hearing to be heard, or to engage counsel to do so on your behalf.

## WHAT TO DO IF YOU WANT TO RECEIVE PART OF THE SETTLEMENT

To receive your share of the Settlement, there is nothing you need to do.  Your check will be mailed to you following the final approval of the Settlement by the Bankruptcy Court.  If the name or address information provided on this form is incorrect, please update your information with Class Counsel by emailing rrllp@raisnerroupinian.com or calling at 212 221-1747.

## WHAT HAPPENS IF YOU DO NOTHING IN RESPONSE TO THIS NOTICE

If you do nothing in response to this notice, a check will be sent to you, and you will be bound by the terms of the Settlement, including the release, described above.  Therefore, you will not have the right to pursue any claims covered by the release against VO or VIL and will be forever barred from doing so.

Be advised that the deadline to file claims (bar date) was May 26, 2023.  VO will consider any proofs of claim filed after that date as time-barred and object to any such untimely claims.

## WHAT TO DO IF YOU WANT TO
## <u>EXCLUDE YOURSELF FROM THE SETTLEMENT</u>

You may preserve your right to pursue any claims you may have separately from this lawsuit by choosing to "opt out" of the Settlement. If you choose <u>not</u> to participate in the Settlement and do not want to receive your share of the Settlement Amount, you must fill out the "opt-out" form ("<u>Opt-Out Form</u>") and sign and mail it as directed on the form.

The Opt-Out Form must be <u>postmarked</u> no later than _____, 2023 **[30 days from mailing]**. All Opt-Out Forms postmarked after that date will be disregarded, and any person who sends a late Opt-Out Form will be bound by the terms of the Settlement and not be able to pursue any claims separately from this lawsuit.

If you choose to Opt-Out, you will not receive any money from the Settlement, and you will not have any right to object to the Settlement.

## <u>OBJECTIONS</u>

If you believe the proposed Settlement is unfair or otherwise wish to object to the proposed Settlement, including Class Counsel's request for attorneys' fees and expenses, you must do so by mailing a written statement bearing the caption of this case that appears on the first page of this notice setting forth the reason(s) for your objection to the Clerk of the Bankruptcy Court (the "<u>Clerk</u>"), United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Wilmington, DE 19801, and sending copies to (i) Class Counsel, Raisner Roupinian LLP, 270 Madison Avenue, Suite 1801, New York, New York 10016, Attn: René S. Roupinian; and (ii) Counsel for Defendant, George Klidonas, Esq., Latham & Watkins LLP, 1271 Avenue of the Americas, New York, New York 10020.

Objections must be **<u>RECEIVED</u>** by the Clerk, Class Counsel, and VO's counsel no later than _____, 2023 and must include the case name and number, your name, address, and telephone number together with the basis for your objection.

You also have the right, but are not required, to retain counsel to appear for you, to object on your behalf and be heard at the Fairness Hearing at which the Bankruptcy Court will consider whether to finally approve the Settlement. If you do, then you will be responsible for your personal attorney's fees and costs. You or your counsel may also appear at the Fairness Hearing when the Bankruptcy Court considers your objection and final approval of the Settlement. If your objection is overruled or rejected by the Court, then you will be bound by the Settlement just as if you had not objected.

If you elect to engage counsel, your counsel must file an appearance with the Bankruptcy Court no later than _____, **2023** and at that time also file a statement setting forth any objections on your behalf. Copies of the appearance and the objection must be mailed at the same time to (i) Class Counsel, Raisner Roupinian LLP, 270 Madison Avenue, Suite 1801, New York, New York 10016, Attn: René S. Roupinian; and (ii) Counsel for Defendant, George Klidonas, Esq., Latham & Watkins LLP, 1271 Avenue of the Americas, New York, New York 10020.

## **OTHER INFORMATION**

Providing you with this notice does not mean that the Bankruptcy Court has any opinion as to the claims or defenses of the Parties.  Neither VO nor VIL are responsible for the contents of this notice.

Requests for more information should be made by phone, email, or first-class mail to Class Counsel as identified above.

If you have any questions, please do <u>not</u> write or call the Bankruptcy Court or counsel for VO or VIL.

| **OPT-OUT FORM** |
| --- |

***Boyko v. Virgin Orbit, LLC***
**Adv. Case No.: 23-50324-KBO (Bank.D.Del.)**

**If you <u>DO NOT</u> WISH to participate in this class action and the settlement thereof, you must return this form, so that it is <u>RECEIVED</u> no later than _____, 2023, to Class Counsel at the following address:**

RAISNER ROUPINIAN LLP
270 Madison Avenue, Suite 1801
New York, NY 10016

I, the undersigned, have read the foregoing Notice of Proposed Settlement and Fairness Hearing and understand its contents.

I do not want to participate in the above class action and do not wish to be bound by the outcome of the class action or receive any benefits of that action and the settlement thereof.

NAME (printed) _____


SIGNATURE _____


ADDRESS: _____


_____


TELEPHONE: _____ EMAIL ADDRESS: _____


DATE: _____