**Exhibit C**

**Declaration of Alan Carr**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x
:
In re: : Chapter 11
:
VIRGIN ORBIT HOLDINGS, INC., *et al.*,[1] : Case No. 23-10405 (KBO)
:
Debtors. : (Jointly Administered)
:
:
---------------------------------------------------------- x
:
VLADIMIR BOYKO, on behalf of himself and :
all others similarly situated, :
:
Plaintiff, : Adv. Proc. No. 23-50324-KBO
:
v. : **Docket Ref. No. 11**
:
VIRGIN ORBIT, LLC, :
:
Defendant. :
---------------------------------------------------------- x

**DECLARATION OF ALAN CARR IN SUPPORT OF DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT OT SECTION 105(A) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 7023 AND 9019 PRELIMINARY AND FINALLY APPROVING THE SETTLEMENT AGREEMENT AND GENERAL RELEASE OF CLAIMS WITH VLADIMIR BOYKO, ON BEHALF OF HIMSELF AND ALL OTHERS <u>SIMILARLY SITUATED</u>**

I, Alan Carr, hereby declare under penalty of perjury:

1. I am a member of the board of directors of debtor Virgin Orbit Holdings, Inc.

2. Except as otherwise indicated, the facts set forth herein are based upon (a) my personal knowledge of and familiarity with the Debtors' operations and finances, (b) information learned from my review of the relevant documents and information supplied to me by other

---

[1] The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number, are: Virgin Orbit Holdings, Inc. (6914); Virgin Orbit National Systems, LLC (3801); Vieco USA, Inc. (0492); Virgin Orbit, LLC (9648); and JACM Holdings, Inc. (1445). The Debtors' mailing address for purposes of these cases is 3880 McGowen Street, Long Beach, CA 90808.

1

members of the Debtors' management, the Debtors' advisors, and/or employees of the Debtors working under my supervision, and (c) my opinions based upon experience, knowledge, and information concerning the Debtors.

3. I submit this declaration (this "**Declaration**") on behalf of the Debtor in support of the relief requested in the *Debtors' Motion for Entry of an Order (I) Approving, on a Preliminary Basis, the Settlement Agreement and General Release of Claims with Vladimir Boyko, on Behalf of Himself and All Others Similarly Situated, (II) Certifying a Class of Claimants for Settlement Purposes Only, Appointing Class Counsel and a Class Representative, (III) Approving the Form and Manner of Notice to the Class Members of the Class Certification and Settlement, (IV) Scheduling a Fairness Hearing to Consider Final Approval of the Settlement, (V) Approving, on a Final Basis, the Settlement After the Fairness Hearing, and (VI) Granting Related Relief* (the "**Motion**").[2] I am authorized to submit this Declaration on behalf of the Debtors.

4. On the Petition Date, Plaintiff Vladimir Boyko ("**Plaintiff**" or "**Class Representative**") commenced this Adversary Proceeding against Debtor Virgin Orbit, LLC ("**Virgin Orbit**") on behalf of himself and on behalf of the putative class ("**Class Members**"), alleging that Virgin Orbit violated the Worker Adjustment and Retraining Notification Act ("**WARN Act**"), 29 U.S.C. § 2101 *et seq.* and the California Labor Code § 1400 *et seq.* ("**CAL WARN Act**") (collectively the "**WARN Claims**") by not providing Plaintiff and the Class at least sixty (60) days' advance written notice of their terminations. Plaintiff also asserts that the first $15,150 of each Class Member's allowed claim is entitled to wage priority treatment under 11 U.S.C. § 507(a)(4) and (5) with any remainder as a general unsecured claim and that he is entitled

---

[2] Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Motion.

to an allowed administrative priority claim pursuant to 11 U.S.C. § 503 against Virgin Orbit for the reasonable attorneys' fees and the costs and disbursements that he incurred in prosecuting this action.

5. Over the course of the Chapter 11 Cases, the Debtors and Plaintiff have participated in active negotiations spanning several weeks with respect to the Plaintiff's and the Class Members' WARN Claims against Virgin Orbit. The Debtors' advisors have analyzed the WARN Claims and potential defenses that Virgin Orbit may have. Members of the Debtors' management and board of directors, including myself, have been informed of the WARN Claims and the potential defenses.

6. I believe that litigating the WARN Claims could incur significant costs to the Debtors' estates and have an uncertain outcome. Therefore, I believe that the costs of continuing to defend such litigation would likely outweigh the expected benefits if the WARN Claims were litigated to resolution.

7. Thus, in light of these facts and determinations, I believe that it is an exercise of sound business judgment for the Debtors to enter into the Settlement Agreement.

8. In connection with the negotiations and mediation, I understand that each party was assisted by experienced legal and professional advisors. It is also my understanding that each party had the opportunity to conduct independent evaluations of potential claims and associated litigation risk.

9. I have reviewed the Motion and believe that it accurately describes the development of, and justification for, the resolution of various issues as set forth in the Settlement Agreement. Based on my review of the settlement terms, and for the reasons described herein and in the

Motion, it is my opinion that the Settlement Agreement is reasonable, appropriate, and necessary to maximize the value of the Debtors' estates.

10. It is my belief that the Settlement Agreement was negotiated, proposed, and entered into by the Debtors and the Class Representative at arm's length following significant negotiations. I believe that the Debtors the Class Representative have acted in good faith, and I have seen no evidence of collusion or fraud. The Settlement Agreement was vigorously negotiated over the course of several weeks.

11. The Debtors worked with their advisors to review the Settlement Agreement and determine whether it is reasonable and appropriate. The Debtors negotiated the Settlement Agreement with the aim of preserving and maximizing the value of their estates for the benefit of all parties by ensuring that potential costly litigation consume valuable estate resources or introduce further uncertainty with respect to creditor recoveries under the Plan.

12. I believe the Settlement Agreement represents a fair and reasonable compromise that is in the best interests of the Debtors' estates. The Settlement Agreement resolves legal issues that are subject to potential litigation, as well as provides increased certainty with respect to recoveries under the Plan. Furthermore, avoiding potentially expensive and prolonged litigation preserves the valuable and limited resources of the Debtors' estates. Accordingly, based on my business judgment, I believe that entering into the Settlement Agreement will maximize the value of the Debtors' estates.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Dated: July 24, 2023                              /s/ Alan Carr
                                                  _____
                                                  Alan Carr