## Exhibit D

**Declaration of René S. Roupinian**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x
: 
In re: : Chapter 11
: 
VIRGIN ORBIT HOLDINGS, INC., *et al.*,[1] : Case No. 23-10405 (KBO)
: 
Debtors. : (Jointly Administered)
: 
: 
---------------------------------------------------------- x
: 
VLADIMIR BOYKO, on behalf of himself and :
all others similarly situated, :
: 
Plaintiff, : Adv. Proc. No. 23-50324-KBO
: 
v. : **Docket Ref. No. 11**
: 
VIRGIN ORBIT, LLC, :
: 
Defendant. :
---------------------------------------------------------- x

## DECLARATION OF RENÉ S. ROUPINIAN
## IN SUPPORT OF PRELIMINARY AND FINAL APPROVAL OF SETTLEMENT, ATTORNEYS' FEES. EXPENSES AND SERVICE AWARD

René S. Roupinian hereby declares the following under penalty of perjury:

1. I am a partner at Raisner Roupinian LLP, and I actively litigate cases on behalf of employees under the WARN Act. Since 2002 I have devoted 100% of my practice to the litigation of WARN cases. I have served as counsel in more than 150 WARN class actions, representing tens of thousands of employees. Although such designation is not sought herein, it is my belief that I would qualify as an expert regarding levels of payment to class counsel and levels of payment to class representatives in WARN Act Class Action litigation, nationwide.

---

[1] The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number, are: Virgin Orbit Holdings, Inc. (6914); Virgin Orbit National Systems, LLC (3801); Vieco USA, Inc. (0492); Virgin Orbit, LLC (9648); and JACM Holdings, Inc. (1445). The Debtors' mailing address for purposes of these cases is 3880 McGowen Street, Long Beach, CA 90808.

1

2. I incorporate by reference the prior declaration submitted in support of *Plaintiff's Motion for Class Certification and Related Relief* (ECF 11-4) detailing the qualifications of Class Counsel.[2] To summarize, Raisner Roupinian LLP is a law firm dedicated to representing employees affected by mass layoffs and shutdowns. The four attorneys at Raisner Roupinian LLP, who have litigated WARN cases for more than 30 years (combined) in district and bankruptcy courts, have brought the breadth of their knowledge and experience to this case, including an assessment of the complexities of litigating an employee class action against a bankruptcy debtor.

3. This declaration is submitted in support of proposed attorneys' fees and expenses and service award to the Class Representative, as requested in the Joint Motion for preliminary approval of the proposed settlement, pursuant to Bankruptcy Rule 9019 and 7023.

4. The settlement will result in a common fund consisting of an allowed priority claim against the estate of Defendant Virgin Orbit LLC, pursuant to 11 U.S.C. § 507(a)(4),(5) of the Bankruptcy Code, in favor of Plaintiff and the settlement class in the amount of $1,455,000 (the "Allowed Claim"). The Allowed Claim will be allowed on an "all-in" non-reversionary basis, that is, inclusive of all attorneys' fees, expenses, and a service award. The Settlement Amount will be distributed on a pro rata basis to class members up to the wage priority cap of $15,150.00 per person.

5. Based on our calculation, the Settlement represents ~75% of the Class's priority WARN damages.

6. Class Counsel seeks an award of attorneys' fees of one-third (1/3) of the Allowed Claim, net of: a) litigation expenses (including the costs associated with the production and mailing of the Class Notices) not to exceed Twenty-Five Thousand ($25,000.00) Dollars ("Class

---

[2] Prior to Raisner Roupinian LLP, Jack A. Raisner and I were partners and co-chairs of the WARN Practice Group at Outten & Golden LLP.

Counsel's Expenses"), and b) the Class Representative Service Award of $20,000. Class Counsel's Fees and Expenses shall be payment in full for Class Counsel's work and expenses in connection with the matter.

7. Class Counsel accepted this case on a contingency basis of one-third of the common fund recovery. The contingency required that Class Counsel be prepared to invest what could be years of litigation with the very real possibility of receiving no fee of any kind. Even when successful, Class Counsel do sometimes come away empty-handed, or with an amount that falls well below their lodestar and expenses because the defendant is penniless. The demands and risks of this type of litigation overwhelm the resources - and deter the participation - of many traditional firms.

8. Even when a bankruptcy estate has access to funds, fierce opposition to funding a WARN distribution often arises from it or other stakeholders, such as contesting the right to even file a WARN lawsuit in bankruptcy or receive wage priority treatment. Class Counsel has beaten back the opposition by filing an adversary complaint in virtually all courts, including the U.S. Circuit Court of Appeals for the Fifth Circuit. *Teta v. TWL Corp., et al.*, 712 F.3d 886 (5th Cir. 2013. To overcome the obstruction to priority treatment in this Circuit, Class Counsel won relief from the U.S. Supreme Court. *Czyzewski v. Jevic Holding Corp.*, 137 S.Ct. 973, 197 L.Ed.2d 398 (2017). Opposition to WARN cases in bankruptcy proceedings has given rise to an unending array of unique uncertainties that must be borne and overcome.

9. Inimical to the need for thrift in most bankruptcies is the hourly lodestar billing method of attorney fees. While that method is associated with incentivizing work, the use of the percentage fee method for awarding fee rewards efficiencies. This can maximize creditor recoveries by avoiding the dissipation of estate assets on unnecessary litigation. Class Counsel's approach has been to focus the parties on issue-critical essentials to reach an outcome in step with

the pace of the Chapter 11 that might have consumed resources over years. Here, that streamlined process added value by achieving a recovery of approximately 75% of the Class's priority WARN damages without wasteful litigation.

10. In over 150 WARN actions, Class Counsel has sought, and never been denied, its attorneys' fees of one-third of the common fund. The following is a partial list of WARN Act cases, in bankruptcy and district courts, in the Third Circuit, in which I, as Class Counsel, have been awarded that amount:

- *Karaniewsky v. US Investigative Services LLC*, Case No. 15-5020-KBO (D.I. 77) (Bankr.D.Del.)(awarding attorneys' fees in $10.5 million settlement);
- *Turner et al. v. Klausner Lumber Two, LLC,* Case No. 20-115189-KBO (D.I. 986) (Bankr. D. Del.) (awarding attorneys' fees in $540,000 million settlement);
- *Thomay, et al. v. Klausner Lumber One, LLC,* Case No. 20-50602-KBO)(D.I. 71) (Bankr. D. Del.) (awarding attorneys' fees in $1.4 million settlement);
- *Folk, et al. v. Monaco Coach Corporation,* Adv. Proc. No. 09-50402-KJC (ECF 107) (Bankr. D. Del.);
- *Austen v. Archway Cookies*, Adv. Proc. No. 08-51530-CSS (ECF 73) (Bankr. D. Del.) (awarding attorney's fees in $4 million settlement);
- *Miller v. Columbus Steel Casting Co.*, Adv. Proc. No. 16-50997-CSS (ECF 69) (Bankr.D.Del. Sept. 27, 2017) awarding attorneys' fees in $2.1 million settlement);
- *Primavera v. Crowne Architectural Corp.*, Adv. Proc. No. 17-1272 (ECF 49) (SML) (Bankr D.N.J.) (awarding attorneys' fees in $900,000 settlement);
- *Bergeron v. DGI Services, LLC*, No. 11-2712-JNP (ECF 90) (Bankr. D.N.J.) (awarding attorneys' fees in $1.1 million settlement);
- *Etzelberger v. FAH Holdings, Inc.,* Case No. 13-13087-BLS (ECF 2386, 2394) (Bankr. D. Del.) (awarding attorneys' fees in $1.8 million settlement);
- *Wilrich v. Charming Charlie Holdings, Inc., et al*, Adv. Pro. No. 19-50276-MFW (ECF 68) (Bankr.D.Del) (awarding attorneys' fees of one third of settlement of percentage of gross cash recoveries in Ch. 11 bankruptcy);
- *Jones v. Alliance Bancorp*, Adv. Proc. No. 07-51799-CSS (ECF 112) (Bankr. D. Del. 2007)(awarding attorneys' fees in $1 million settlement);
- *Jackson v. Qimonda*, Adv. Proc. No. 09-50192-MFW (Bank.D. Del) (ECF 80) (awarding attorneys' fees in $10 million settlement);
- *Rasheed v. American Home Mortgage Corp.,* Adv. Proc. No. 07-51688-CSS (ECF 108) (Bankr. D. Del.)(awarding attorneys' fees in $6.5 million settlement);
- *Reynolds v. Corinthian Colleges, Inc.,* Case No. 15-50309-JTD (ECF 75) (Bankr.D.Del) (awarding attorneys' fees in $900,000 settlement);
- *Aguiar v. Quaker Fabric Corporation,* Adv. Proc. No. 07-51716-KG (ECF 46) (Bankr. D. Del.) (awarding attorneys' fees in $1 million settlement).
- *Federman, et al. v. ITT Educational Corp.*, Adv. Proc. No. 16-07207-JMC-7A (Bankr. S.D.Ind.) (ECF 4635) (awarding attorney's fees in $10 million settlement);

- (Bankr.D.Del.) (Adv. D.I. 77) (awarding attorneys' fees in $10.5 million settlement);
- *Iannacone v. Fortunoff Holdings Inc.*, Adv. Proc. No. 09-01044 (Bankr. S.D.N.Y.) (ECF 17) (awarding attorneys' fees in $1.3 million settlement);
- *Guippone v. BH S & B Holdings, LLC*, Case No. 09-01029 (S.D.N.Y.) (awarding attorneys' fees in $900,000 settlement);
- *Callahan v. Taylor Bean & Whitaker Mortgage Corp.,* Adv. Proc. No. 09-00439 (Bankr. M.D. Fla.)(awarding attorneys' fees in $15 million settlement);
- *Binford et al v. First Magnus Capital, Inc.,* Adv. Proc. No. 08-01494 (Bankr. D. Ariz.) (awarding attorneys' fees in $2.6 million settlement and $2.9 million contingent proceeds);
- *Curry v. Caritas Health Care Inc.,* Adv. Proc. No. 09-40901 (Bankr. S.D.N.Y) (awarding attorneys' fees in $2.6 million settlement);
- *Bridges v. Continental AFA Dispensing Co.,* Adv. Proc. No. 08-45921 (Bankr. E.D. Mo.) (awarding attorneys' fees in $1.5 million settlement);
- *Updike v. Kitty Hawk Cargo, Inc.*, Adv. Proc. No. 07-04179 (Bankr. N.D. Tex.) (awarding attorneys' fees in $1.4 million settlement);
- *Wojciechowski v. ClearEdge Power, Inc.,* Adv. Proc. No. 14-04152 (CN) (Bankr.N.D.Cal.) (awarding attorneys' fees in $1.3 million settlement);
- *Capizzi, et al. v. AWTR Liquidation, Inc. f/k/a Rhythm and Hues, Inc.*, Adv. Proc. No. 13-01463-NB (Bankr.C.D.Cal. 2013) (awarding attorneys' fees in $1 million settlement);
- *Mochnal v. EOS Airlines, Inc.,* Adv. Proc. No. 08-08279 (Bankr. S.D.N.Y.) (awarding attorneys' fees in $1.7 million settlement);
- *Schuman v. The Connaught Group, Ltd.*, Adv. Proc. No. 12-01051 (Bankr. S.D.N.Y.) (awarding attorneys' fees in $675,000 settlement);
- *Matzen v. Corwood Laboratories, Inc.*, Adv. Proc. No. 10-08003 (Bankr. E.D.N.Y.) (awarding attorneys' fees of 33⅓% of settlement of approximately $500,000);
- *Hiergersell v. Level Solar*, Adv. Proc. No. 18-1012 (MKV) (Bankr. S.D.N.Y.) (awarding attorneys' fees in $400,000 settlement);
- *Johnson v. First NLC Financial Services, LLC,* Adv. Proc. No. 08-01130 (Bankr. S.D. Fla.) (awarding attorneys' fees in $400,000 settlement).
- *Phillips, et al. v. Munchery, Inc.*, Case No. 19-cv-00469-JSC (N.D.Cal.) (awarding attorney's fees of one-third of $400,000 settlement).

11. To date, we have incurred expenses of $5,415.00 prosecuting this action and anticipate incurring additional expenses through final approval, including the cost of preparing and mailing the class settlement notice. The expenses were reasonable and necessary and in furtherance of the litigation and ultimate settlement of this matter. We have advanced costs in this litigation since its inception. The risk of non-payment that existed, had Plaintiff lost at trial and appeal, and the possibility that the defendant's estate's resources be depleted even if Plaintiff prevailed, directed us to incur only those costs and expenses that were necessary to litigate this

5

case.

12. As of July 23, 2023, Class Counsel has expended 185.5 hours litigating this action, representing a lodestar of $150,533.50, based on Class Counsel's current billing rates. Class Counsel estimates that it will spend more than 50 additional hours of time preparing for and attending the preliminary and final hearings, overseeing the distribution of settlement notices, responding to Class Members' inquiries regarding the status of the settlement and their settlement checks, and overseeing the settlement administrator's distribution of the settlement checks and W2s to Class Members. For these reasons, the final lodestar and cost amounts are expected to be higher than that reported here.

13. The Class Representative in this case, Vladimir Boyko, expended time and effort to assist with the preparation of the Complaint, provided Class Counsel with a declaration in support of the motion for class certification, and spent significant time speaking to Class Counsel to discuss the information provided by the Debtor. He took on a risk by filing a class action as the sole named plaintiff in a case that is searchable on the internet, at a time when he had been terminated from his employment with highly specialized skills in a narrow aeronautical design and engineering sector, and his prospects for finding new employment while suing or having sued his employer were uncertain. As the only class representative, Mr. Boyko provided counsel with relevant documents in his possession, stayed informed and engaged in the progress of the chapter 11 and the adversary and maintained contact with counsel from the inception of this case. He participated meaningfully at every step of the process. The Class Representative performed important services for the benefit of the Class in commencing the litigation and in supporting the litigation on behalf of the Class.

14. In the following settled WARN Act cases which I served as class counsel, the class representatives were each granted a service award commensurate with the service award proposed

here:

- *Thomay, et al. v. Klausner Lumber One LLC, et al.,* Adv. Proc. No. 20-50602 (KBO) (Bank.D.Del) (ECF 73) ($20,000 service award to class representative in $1.4 million settlement);
- *Federman, et al. v. ITT Educational Corp.*, Adv. Proc. No. 16-07207-JMC-7A (Bankr. S.D.Ind.) (ECF 4635) ($25,000 service awards to each of three class representatives);
- *Etzelberger v. FAH Holdings, Inc.,* Case No. 13-13087-BLS (Bankr. D. Del.) (ECF 2386, 2394) ($20,000 service award to class representative in a $1.8 million settlement);
- *Kohlstadt v. Solyndra*, *LLC.*, Adv. Proc. No. 11-53155 (MFW) (Bankr. D. Del.) (ECF 51) ($20,000 combined service award to two class representatives in $3.5 million settlement);
- *Piron, et al. v. General Dynamics Information Technology, Inc.*, No. 19-709-REP (ECF 104) (E.D.Va.)(service awards of $40,000 to four class representatives in $2.88 million settlement);
- *Binford v. First Magnus Capital, Inc.*, Adv. Proc. No. 08-01494 (GBN) (Bankr. D. Ariz.) (service awards of $7,500 to eight class representatives totaling $60,000, from settlement fund of $2.6 million cash plus $2.9 million contingent proceeds);
- *Rasheed v. American Home Mortgage Corp.*, Adv. Proc. No. 07-51688 (CSS) (Bankr. D. Del.) (ECF108) ($7,500 service award to six class representatives, totaling $45,000, in $6.5 million settlement).

15. Compared to the size and percentage of recovery to the Class, the requested award to the Class Representative for his service, and the fees and expenses for Class Counsel are reasonable.

16. In view of the foregoing and the Motion and exhibits thereto, I ask the Court to grant preliminary and final approval of the Settlement, including Class Counsel's attorneys' fees and expenses and the service award to the Class Representative.

DATED: July 24, 2023                        Respectfully submitted,

By: /s/ René S. Roupinian
RENÉ S. ROUPINIAN