**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | Case No. 23-10405 (KBO) |
| VIRGIN ORBIT HOLDINGS, INC., *et al.*,[1] | : | (Jointly Administered) |
| Debtors. | : | **Docket Ref. No. 506** |

**ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, APPROVING THE SETTLEMENT AGREEMENT AND GENERAL RELEASE OF CLAIMS WITH KONGSBERG SATELLITE SERVICES AS AND KSAT GLOBAL AS**

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (the "**Debtors**") for entry of an order (this "**Order**"), pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, approving the Settlement Agreement, a copy of which is attached hereto as **Exhibit 1**, as more fully set forth in the Motion; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required; and it appearing that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it

[1] The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number, are: Virgin Orbit Holdings, Inc. (6914); Virgin Orbit National Systems, LLC (3801); Vieco USA, Inc. (0492); Virgin Orbit, LLC (9648); and JACM Holdings, Inc. (1445). The Debtors' mailing address for purposes of these cases is 3880 McGowen Street, Long Beach, CA 90808.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

appearing that good and sufficient cause exists for the relief set forth in this Order; and after due deliberation, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is granted, as set forth herein.

2. Pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, the Settlement Agreement is approved as fair, reasonable, and adequate, and the terms and conditions of the Settlement Agreement are incorporated into this Order as if fully set forth herein.

3. Pursuant to the Settlement Agreement and within five (5) business days of the Effective Date (as defined in the Settlement Agreement), KSAT shall pay to the Debtors $120,000 in cash, in full and final satisfaction of the Credit Claim, on the terms set forth in the Settlement Agreement. Not later than the first business day following the date of receipt of the Settlement Payment as contemplated by the Settlement Agreement, an amount equal to 100% of such Settlement Payment shall be applied as a prepayment of the DIP Obligations (as defined in the Settlement Agreement).

4. The mutual releases granted pursuant to the Settlement Agreement are approved.

5. The Debtors and KSAT are each authorized to execute and deliver all instruments and documents, and take such other action as may be necessary or appropriate, to implement and effectuate the relief granted by this Order.

6. The Debtors' claims agent in these Chapter 11 Cases is authorized to take such further action as may be necessary or appropriate to implement and effectuate the relief granted by this Order, including, for the avoidance of doubt, the withdrawal of the KSAT Proofs of Claim pursuant to the Settlement Agreement.

7. The Debtors shall provide commercially reasonable assistance to KSAT as

necessary to secure KSAT's possession of the KSAT Equipment.

8. Notwithstanding anything to the contrary in the Settlement Agreement, (a) the releases to be given by the Representatives of the Debtors shall be given solely in their capacity as representatives of the Debtors, and solely to the extent that such Representatives would be obligated to release the Debtor Released Claims under the principles of agency if so directed by the Debtors; and (b) the releases to be given by the Representatives of KSAT shall be given solely in their capacity as representatives of KSAT, and solely to the extent that such Representatives would be obligated to release the KSAT Released Claims under the principles of agency if so directed by KSAT.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order or the Settlement Agreement.

**Dated: July 25th, 2023**
**Wilmington, Delaware**

**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**

30597284.1



US-DOCS\143356400.6