**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>VIRGIN ORBIT HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10405 (KBO)<br><br>(Jointly Administered)<br><br>**Ref. Docket Nos.  532, 542, 559, 571, 588 & 595** |

**ORDER CONFIRMING THE FIFTH AMENDED JOINT CHAPTER 11 PLAN OF**
**VIRGIN ORBIT HOLDINGS, INC. AND ITS DEBTOR AFFILIATES**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**")[2] having:

  a. commenced, on April 4, 2023 (the "**Petition Date**"), these chapter 11 cases (these "**Chapter 11 Cases**") by filing voluntary petitions for relief in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**");

  b. continued to operate their business and manage their properties during these Chapter 11 Cases as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

  c. filed, on April 19, 2023, the *Joint Chapter 11 Plan of Virgin Orbit Holdings, Inc. and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 96] and *Disclosure Statement for Joint Chapter 11 Plan of Virgin Orbit Holdings, Inc. and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 97];

  d. filed, on June 12, 2023, the revised *Second Amended Joint Chapter 11 Plan of Virgin Orbit Holdings, Inc. and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 439] and the revised *Disclosure Statement for Second Amended Joint Chapter 11 Plan of Virgin Orbit Holdings, Inc. and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 440];

---

[1] The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number, are: Virgin Orbit Holdings, Inc. (6914); Virgin Orbit National Systems, LLC (3801); Vieco USA, Inc. (0492); Virgin Orbit, LLC (9648); and JACM Holdings, Inc. (1445).  The Debtors' mailing address for purposes of these cases is 3880 McGowen Street, Long Beach, CA 90808.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Plan, the Disclosure Statement, or the Bankruptcy Code (each as defined herein), as applicable.  The rules of interpretation set forth in Article I.B. of the Plan apply.

e. filed, on June 20, 2023, the *Third Amended Joint Chapter 11 Plan of Virgin Orbit Holdings, Inc. and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 459-1] and the *Disclosure Statement for Third Amended Joint Chapter 11 Plan of Virgin Orbit Holdings, Inc. and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 459-2];

f. obtained, on June 20, 2023, the entry of the *Order (A) Approving the Disclosure Statement; (B) Establishing the Voting Record Date, Voting Deadline, and Other Deadlines; (C) Approving Procedures for Soliciting, Receiving, and Tabulating Votes on the Plan and for Filing Objections to the Plan; (D) Approving the Manner and Forms of Notice and Other Related Documents; and (E) Granting Related Relief* [Docket No. 462] (the "**Disclosure Statement Order**") approving the Disclosure Statement, solicitation procedures (the "**Solicitation Procedures**"), and related notices, forms, and ballots (collectively, the "**Solicitation Packages**");

g. filed, on June 20, 2023, the solicitation version of the *Third Amended Joint Chapter 11 Plan of Virgin Orbit Holdings, Inc. and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 463] and the solicitation version of the *Disclosure Statement for Third Amended Joint Chapter 11 Plan of Virgin Orbit Holdings, Inc. and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 465] (as may be modified, amended, or supplemented from time to time, the "**Disclosure Statement**");

h. caused the Solicitation Packages and notice of the Confirmation Hearing (the "**Confirmation Hearing Notice**") and the deadline for objecting to confirmation of the Plan ("**Confirmation**") to be distributed on or about June 20, 2023 in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Disclosure Statement Order, and the Solicitation Procedures, as evidenced by, among other things, the *Affidavit of Service of Solicitation Materials* [Docket No. 541] and the *Affidavit of Supplemental Service of Solicitation Materials* [Docket No. 545] (collectively, the "**Certificates of Solicitation**");

i. caused notice of the Confirmation Hearing Notice to be published, on June 15, 2023, in *The New York Times* (national edition) as well as in the *Los Angeles Times*, as evidenced by the *Certificate of Publication* [Docket No. 485] and *Proofs of Publication* [Docket Nos. 485-A, 485-B] attached thereto (collectively, the "**Publication Certificates**" and, together with the Certificates of Solicitation, the "**Certificates**");

j. filed, on July 14, 2023, the *Plan Supplement for Third Amended Joint Chapter 11 Plan of Virgin Orbit Holdings, Inc. and Its Debtor Affiliates* [Docket No. 532] (the "**Initial Plan Supplement**");

k. filed, on July 18, 2023, the *Revised Exhibit E to the Plan Supplement* [Docket No. 542] (the "**Second Plan Supplement**");

30619345.1

2

l.  filed, on July 24, 2023, the *Revised Exhibit F to the Plan Supplement* [Docket No. 559] (the "**Third Plan Supplement**")

m.  filed, on July 31, 2023, the *Revised Exhibits D and F to the Plan Supplement* [Docket No. 596] (together with the Initial Plan Supplement, the Second Plan Supplement, and the Third Plan Supplement, the "**Plan Supplement**");

n.  filed, on July 26, 2023, the *Fourth Amended Joint Chapter 11 Plan of Virgin Orbit Holdings, Inc. and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 571];

o.  filed, on July 26, 2023, the *Debtors' Memorandum of Law in Support of an Order Confirming the Fourth Amended Joint Chapter 11 Plan of Virgin Orbit Holdings, Inc. and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 575] (the "**Confirmation Brief**");

p.  filed, on July 26, 2023, the *Declaration of James Daloia of Kroll Restructuring Administration LLC Regarding the Solicitation and Tabulation of Ballots Cast on the Third Amended Joint Chapter 11 Plan of Virgin Orbit Holdings, Inc. and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 572] (the "**Voting Report**");

q.  filed, on July 26, 2023, the *Declaration of Brian Whittman in Support of Confirmation of the Fourth Amended Joint Chapter 11 Plan of Virgin Orbit Holdings, Inc. and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 574] ("**Whittman Declaration**") and the *Declaration of Alan J. Carr in Support of Confirmation of the Fourth Amended Joint Chapter 11 Plan of Virgin Orbit Holdings, Inc. and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 573] (the "**Carr Declaration**" and, together with the Whittman Declaration, the "**Confirmation Declarations**");

r.  filed, on July 28, 2023, an amended version of the *Fourth Amended Joint Chapter 11 Plan of Virgin Orbit Holdings, Inc. and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 588]; and

s.  filed, on July 31, 2023, the *Fifth Amended Joint Chapter 11 Plan of Virgin Orbit Holdings, Inc. and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 595-1] (as may be modified, amended, or supplemented from time to time, the "**Plan**"), a copy of which is attached hereto as **Exhibit A**;

The Bankruptcy Court having:

a.  set July 21, 2023 at 4:00 p.m. (prevailing Eastern Time) as the deadline for filing objections in opposition to the Plan;

b.  set July 21, 2023 at 5:00 p.m. (prevailing Eastern Time) as the deadline for voting on the Plan;

30619345.1

c. set July 28, 2023 at 10:30 a.m. (prevailing Eastern Time) as the date and time for the Confirmation Hearing, pursuant to Bankruptcy Rules 3017 and 3018 and sections 1126, 1128, and 1129 of the Bankruptcy Code;

d. reviewed the Plan, the Disclosure Statement, the Plan Supplement, the Confirmation Brief, the Confirmation Declarations, the Voting Report, the Confirmation Hearing Notice, the Certificates, the affidavits of service, and all filed pleadings, exhibits, statements, and comments regarding Confirmation, including all objections, statements, and reservations of rights filed by parties in interest on the docket of these Chapter 11 Cases;

e. held the Confirmation Hearing;

f. considered all testimony presented and evidence admitted at the Confirmation Hearing, as applicable;

g. overruled any and all objections to the Plan and Confirmation and all statements and reservations of rights not consensually resolved, agreed to, or withdrawn, unless otherwise indicated; and

h. taken judicial notice of all papers and pleadings and other documents filed, all orders entered, and all evidence and arguments presented in these Chapter 11 Cases.

NOW, THEREFORE, the Bankruptcy Court having found that notice of the Confirmation Hearing and the opportunity for any party in interest to object to Confirmation have been adequate and appropriate as to all parties affected or to be affected by the Plan and the transactions contemplated thereby, and that the legal and factual bases set forth in the documents filed in support of Confirmation and other evidence presented at the Confirmation Hearing and the record of these Chapter 11 Cases establish just cause for the relief granted herein, and after due deliberation thereon and good cause appearing therefor, the Bankruptcy Court makes and issues the following findings of fact and conclusions of law, and orders:

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

IT IS DETERMINED, FOUND, ADJUDGED, DECREED, AND ORDERED THAT:

**A.      Jurisdiction and Venue**

1.      Venue in the Bankruptcy Court was proper as of the Petition Date pursuant to 28 U.S.C. §§ 1408 and 1409 and continues to be proper during these Chapter 11 Cases. Confirmation of the Plan is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(L). The Bankruptcy Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)–(b) and 1334(b).

**B.      Burden of Proof**

2.      The Debtors have met their burden of proving that the Plan complies with each element of sections 1129(a) and, to the extent applicable, 1129(b) of the Bankruptcy Code by a preponderance of the evidence.

**C.      Notice of the Confirmation Hearing**

3.      Notice of the Confirmation Hearing was appropriate and satisfactory and is approved in all respects.

**D.      Confirmation of the Plan**

4.      The Plan, a copy of which is attached as **Exhibit A**, as may be amended by this Confirmation Order, is confirmed pursuant to section 1129 of the Bankruptcy Code. The terms of the Plan, the documents contained in the Plan Supplement, and any other documents filed in connection with the Plan and/or executed or to be executed to effectuate, implement or consummate the transactions contemplated by the Plan, and all amendments and modifications thereof made in accordance with the Plan and this Confirmation Order, are hereby approved by this Confirmation Order; *provided that*, the Debtors may make non-material modifications to the Plan Supplement prior to the Effective Date.

5. Any and all objections to confirmation of the Plan that have not been withdrawn or resolved prior to the Confirmation Hearing are hereby overruled, except to the extent sustained by the Court on the record at the Confirmation Hearing.

6. The documents contained in the Plan Supplement are integral to the Plan and are approved by the Bankruptcy Court and the Debtors are authorized to take all actions required under the Plan and the Plan Supplement documents to effectuate the Plan and the transactions contemplated thereby.

7. The terms of the Plan, the Plan Supplement, and the exhibits thereto are incorporated herein by reference, and are an integral part of this Confirmation Order. The terms of the Plan, the Plan Supplement, all exhibits thereto, and all other relevant and necessary documents shall be effective and binding as of the Effective Date. The failure to specifically include or refer to any particular article, section, or provision of the Plan, the Plan Supplement, or any related document in this Confirmation Order does not diminish or impair the effectiveness or enforceability of such article, section, or provision.

8. The compromises, settlements, releases, exculpations, and injunctions set forth in Article IX of the Plan are approved, and will be effective immediately and binding on the Effective Date.

9. The Debtors shall cause to be served a notice of the entry of this Confirmation Order and occurrence of the Effective Date, substantially in form attached hereto as **Exhibit B** (the "**Confirmation Notice**"), on all parties served with the Confirmation Hearing Notice as soon as reasonably practicable after the Effective Date; *provided that,* no notice of any kind shall be required to be mailed or made upon any Entity to whom the Debtors mailed notice of the Confirmation Hearing, but received such notice returned marked "undeliverable as addressed,"

30619345.1

"moved, left no forwarding address," or "forwarding order expired," or similar reason, unless the Debtors have been informed in writing by such Entity, or are otherwise aware, of that Entity's new address. The Debtors shall cause the Confirmation Notice to be posted on the website of these Chapter 11 Cases: https://cases.ra.kroll.com/virginorbit/. Such service in the time and manner set forth herein will provide good, adequate, and sufficient notice under the circumstances, and shall be deemed to comply with Bankruptcy Rules 2002(a)(7), 2002(f)(3) and (f)(7), 2002(1), 3002(c)(4), and 3020(c)(2).

E.  **Proposal of the Plan in Good Faith**

10. The Plan has been proposed in good faith and not by any means forbidden by law. In so finding, the Bankruptcy Court has considered the totality of the circumstances of these Chapter 11 Cases. The Plan is the result of extensive, good-faith, and arm's-length negotiations among the Debtors and their principal constituencies, including for the avoidance of doubt, VIL, each of whom shall be deemed to have acted in "good faith" under section 1125(e) of the Bankruptcy Code. The transactions contemplated by the Plan are proposed in good faith, are in the best interests of the Debtors' Estates, and will serve to maximize value for all stakeholders.

F.  **Solicitation**

11. The transmittal and service of the solicitation materials required by the Disclosure Statement Order were timely, adequate, appropriate, and sufficient under the circumstances. The Solicitation Procedures complied with sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018, all other provisions of the Bankruptcy Code, and all other applicable non-bankruptcy rules, laws, and regulations. The modifications to the Plan as of the date of this Confirmation Order are not of the type to require additional disclosure or solicitation

30619345.1

of the Plan under Bankruptcy Rule 3019 and comply in all respects with section 1127 of the Bankruptcy Code.

12. Based on the record before the Bankruptcy Court, including the Voting Report and Certificates, the Debtors have solicited votes on the Plan in good faith and in compliance with the Bankruptcy Code, and not by any means forbidden by law.

**G.  Voting**

13. As described in the Voting Report, Holders of Claims in Classes 3, 4, and 5 were entitled to vote to accept or reject the Plan. Holders of Claims in Class 3 did not vote on the Plan. Pursuant to Article III.F of the Plan, Class 3 is deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and for purposes of determining acceptances or rejection of the Plan by such Class pursuant to section 1129(a)(8) of the Bankruptcy Code. Holders of Claims in Classes 4 and 5 voted to accept the Plan. All other Classes of Claims and Interests were not entitled to vote on the Plan pursuant to sections 1126 of the Bankruptcy Code. All procedures used to tabulate the Ballots were fair, reasonable, and conducted in accordance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, and all other applicable non-bankruptcy rules, laws, and regulations.

**H.  Immediate Binding Effect**

14. Notwithstanding Bankruptcy Rules 3020(e), 6004(g), or 7062 or otherwise, from and after the entry of this Confirmation Order and upon the occurrence of the Effective Date, the terms of the Plan, and the documents and instruments contained in the Plan Supplement and this Confirmation Order shall be deemed immediately effective and enforceable binding upon: (a) the Debtors; (b) any and all Holders of Claims or Interests (irrespective of whether such Claims or Interests are Impaired under the Plan or whether the Holders of such Claims or Interests accepted,

rejected or are deemed to have accepted or rejected the Plan); (c) any and all non-debtor parties to Executory Contracts and Unexpired Leases with any of the Debtors; (d) all Entities that are parties to or are subject to the settlements, compromises, releases, and injunctions described in the Plan; and (e) the respective heirs, executors, administrators, successors or assigns, if any, of any of the foregoing.

**I.    Treatment of Executory Contracts and Unexpired Leases**

15.    The rejection or assumption, as applicable, of Executory Contracts and Unexpired Leases as set forth in Article V of the Plan is hereby authorized.  Except as otherwise set forth in the Plan, assumptions or rejections of Executory Contracts and Unexpired Leases pursuant to the Plan are effective as of the Effective Date without the need for any further action or consents that may otherwise be required under applicable non-bankruptcy law.

**J.    Administrative Claims Bar Date**

16.    As provided in Article II.A.3 of the Plan, all requests for payment of Administrative Claims (other than DIP Facility Claims, Cure Costs, Professional Fee Claims, postpetition tax claims arising under section 503(b)(1)(D) of the Bankruptcy Code, claims arising under section 503(b)(9) of the Bankruptcy Code, or U.S. Trustee quarterly fees payable pursuant to Article II.D of the Plan) that accrued on or before the Effective Date must be filed with the Bankruptcy Court and served on the Plan Administrator no later than the 30th day after service of the Confirmation Notice.  If a Holder of an Administrative Claim (other than DIP Facility Claims, Cure Costs, Professional Fee Claims, postpetition tax claims arising under section 503(b)(1)(D) of the Bankruptcy Code, claims arising under section 503(b)(9) of the Bankruptcy Code, or U.S. Trustee quarterly fees payable pursuant to Article II.D of the Plan) that is required to, but does not, file and serve a request for payment of such Administrative Claim by the Administrative Claims Bar Date, such Administrative Claim shall be forever barred, estopped, and enjoined from asserting such

30619345.1

Administrative Claims against the Debtors, their Estates, the Litigation Trustee, or the Plan Administrator.  For the avoidance of doubt, nothing in this Order or the Plan extends any deadline for the filing of any claims established in any previously entered order of the Court, including the *Order (I) Establishing Bar Dates and Related Procedures for Filing Proofs of Claim (Including for Claims Arising Under Section 503(b)(9) of the Bankruptcy Code), (II) Approving the Form and Manner of Notice Thereof, and (III) Granting Related Relief* [Docket No. 153].

K. **Deadline to File Professional Fee Claims**

17. As provided in Article II.A.2 of the Plan, all final requests for payment of Professional Fee Claims for services rendered and reimbursement of expenses incurred on and after the Petition Date and prior to and on the Effective Date must be Filed no later than forty-five (45) days after the Effective Date.  Any party seeking payment of a Professional Fee Claim that arises under sections 503(b)(3), 503(b)(4) or 503(b)(5) of the Bankruptcy Code must File a motion for approval of the same.  Motions for approval of all final requests for payment of Professional Fee Claims shall include a 21-day objection period after such motions are filed.  The Bankruptcy Court shall determine the Allowed amounts of such Professional Fee Claims after notice and a hearing in accordance with the procedures established by the Bankruptcy Code, the Bankruptcy Rules, and prior Bankruptcy Court orders.

L. **Deadline to File Rejection Claims**

18. As provided in Article V.C of the Plan, unless otherwise provided by a Bankruptcy Court order, any Proofs of Claim asserting Claims arising from the rejection of the Executory Contracts and Unexpired Leases by virtue of the Plan must be Filed with the Notice and Claims Agent within thirty (30) days after service of the Confirmation Notice substantially in the form annexed to this Order as **Exhibit B**.  The deadline for Governmental Units to File any such Proofs of Claim shall be the later of thirty (30) days after service of the Confirmation Notice or the

Governmental Bar Date as set forth in the Bar Date Order. Any Proofs of Claim arising from the rejection of the Executory Contracts and Unexpired Leases that are not timely filed shall be forever disallowed and barred, absent order of the Bankruptcy Court to the contrary. All Allowed Claims arising from the rejection of the Executory Contracts and Unexpired Leases shall constitute General Unsecured Claims and shall be treated in accordance with Article III.B of the Plan.

**M.    Releases and Exculpation**

19.    All release and exculpation provisions contained in the Plan, including, without limitation, those contained in Article IX of the Plan, are hereby authorized, approved, and shall be effective and binding on all persons and entities, to the extent expressly described in the Plan. The releases given by the Debtors contained in Article IX.B of the Plan are: (a) in exchange for the good and valuable consideration provided by the Released Parties; (b) a good faith settlement and compromise of the Claims released by Article IX.B of the Plan; (c) in the best interests of the Debtors and the Estates; (d) fair, equitable, and reasonable; and (e) given and made after due notice and opportunity for hearing. The releases given by the Releasing Parties contained in Article IX.C of the Plan are (a) consensual; and (b) given and made after due notice and opportunity for hearing. The exculpation provided by Article IX.D of the Plan for the benefit of the Exculpated Parties is consistent with applicable law.

**N.    The UCC Settlement**

20.    Pursuant to section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019, the Plan incorporates and implements the UCC Settlement, a compromise and settlement of numerous issues and disputes between and among the Debtors, the Committee, the Prepetition Secured Noteholder, and the DIP Lenders designed to achieve a reasonable and effective resolution of these Chapter 11 Cases. Except as otherwise expressly set forth in the Plan, the UCC Settlement constitutes a settlement of all potential issues and Claims between and among the Debtors, the

Committee, the Prepetition Secured Noteholder, and the DIP Lenders. The UCC Settlement is fair, equitable, reasonable, and in the best interests of the Debtors and their Estates, and the UCC Settlement is approved.

**O.    The WARN Settlement**

21.    To the extent any holders of alleged claims in the Chapter 11 Cases arising out of or relating to the WARN Act and/or the CAL-WARN Act have opted-out of the Settlement and have not filed a Proof of Claim prior to the applicable Bar Date, such alleged claims shall not be Allowed for distribution purposes absent entry of a Final Order allowing such late-Filed Claim.

**P.    Provision Regarding the United States**

22.    As to the United States, nothing in the Plan, this Confirmation Order, any Plan Supplement, or any implementing Plan documents, notwithstanding any provision to the contrary contained therein, shall: (a) enjoin or affect any Governmental Unit's setoff rights under federal law, as recognized in section 553 of the Bankruptcy Code, and/or recoupment rights, and such rights shall be preserved and are unaffected; or (b) be construed as a compromise or settlement of any liability, claim, Cause of Action or interest of the United States.

**Q.    Provision Regarding ACA International LLC**

23.    In full and final satisfaction of Claim Number 381 filed by ACA International LLC ("**ACA**") against Debtor Virgin Orbit, LLC (the "**ACA Claim**"), including its asserted liens, its limited sale objection [Docket No. 265], and the ACA Lien Payment Escrow (as defined in Docket No. 364), (a) the automatic stay is lifted to allow ACA to foreclose its possessory lien on the Debtors' telemetry rack currently in ACA's possession (and as identified in the ACA Claim), as to which the Debtors shall have no further right, title or interest and the proceeds of which shall belong solely to ACA; (b) the Debtors shall, as soon as practicable, following entry of this Order,

30619345.1

pay $35,000 to ACA from the ACA Lien Payment Escrow; and (c) the balance of the ACA Claim shall be reduced and allowed as a General Unsecured Claim in Class 4 in the amount of $183,805. Upon entry of this Order and payment to ACA as set forth in (b) above, ACA's asserted liens against the Debtors' property other than the telemety rack shall be deemed terminated and the balance of the ACA Lien Payment Escrow shall be released to the Debtors.

**R.     Provision Regarding Texas Comptroller**

24.     Notwithstanding anything in the Plan to the contrary, the Plan shall not release or discharge any Entity, other than the Debtors, from any liability owed to the Texas Comptroller of Public Accounts (the "**Texas Comptroller**") for a tax debt, including interest and penalties on such tax.  This provision is not an admission by any party that any such liability exists.

25.     Notwithstanding anything in the Plan to the contrary, the Plan shall not limit the Texas Comptroller's setoff rights under 11 U.S.C. § 553.  This provision is not admission by any party that any such setoff rights exist.

26.     Allowed Priority Tax Claims owed to the Texas Comptroller shall be paid in full: (1) on the Effective Date; (2) in equal monthly installments of principal and interest no later than sixty (60) months of the Petition Date; or (3) as otherwise agreed to by the Texas Comptroller.  The Texas Comptroller's Allowed Priority Tax Claims shall accrue interest at the statutory rate of interest from the Effective Date until paid in full.

27.     If the Debtors fail to cure a failure to make a payment to the Texas Comptroller pursuant to the terms of the Plan, then within ten (10) calendar days after service of written notice of default from the Texas Comptroller, the Texas Comptroller may (a) enforce the entire amount of its claim, (b) exercise all rights and remedies under applicable nonbankruptcy law, and (c) seek such relief as may be appropriate in the Bankruptcy Court.  Notice of a default shall be served by

first class mail and email as follows and upon: (a) the Debtors: Virgin Orbit Holdings, Inc., Attn: Brian Whittman (email: bwhittman@alvarezandmarsal.com), and (b) counsel to the Debtors: (i) Latham & Watkins LLP, 1271 Avenue of the Americas, New York, NY 11101, Attn: George Klidonas and Anupama Yerramalli (email: george.klidonas@lw.com and anu.yerramalli@lw.com), and (ii) Young, Conaway, Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, DE 19801, Attn: Kara Hammond Coyle and Allison Mielke (email: kcoyle@ycst.com and amielke@ycst.com). The Debtors may cure up to two (2) defaults. Upon a third default, the Texas Comptroller, at its option, may declare the default non-curable and proceed to collect the remainder of the debt in accordance with this Confirmation Order.

**S.    Nonseverability of Plan Provisions Upon Confirmation**

28.    This Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of the Plan, as it may have been altered or interpreted, is: (a) valid and enforceable pursuant to its terms; (b) integral to the Plan and may not be deleted or modified without the consent of the Debtors; and (c) non-severable and mutually dependent.

**T.    Post-Confirmation Modifications**

29.    Without need for further order or authorization of the Bankruptcy Court, the Debtors are authorized to make any and all modifications to any and all documents that are necessary to effectuate the Plan that do not materially modify the terms of such documents and are consistent with the Plan (subject to any applicable consents or consultation rights set forth therein). Subject to certain restrictions and requirements set forth in section 1127 of the Bankruptcy Code, Bankruptcy Rule 3019 and those restrictions on modifications set forth in the Plan, the Debtors expressly reserve their respective rights to materially alter, amend, or modify the Plan with respect to such Debtors, one or more times, after Confirmation, and, to the extent necessary or required

30619345.1

under section 1127 of the Bankruptcy Code and/or Bankruptcy Rule 3019, may initiate proceedings in the Bankruptcy Court to so alter, amend, or modify the Plan, or remedy any defect or omission, or reconcile any inconsistencies in the Plan, the Disclosure Statement, or this Confirmation Order, in such matters as may be necessary to carry out the purposes and intent of the Plan. Any such modification or supplement shall be considered a modification of the Plan and shall be made in accordance with Article X of the Plan.

**U.     Conflicts**

30.    To the extent that any provision of the Disclosure Statement or the Plan Supplement (or any exhibits, appendices, supplements, or amendments to any of the foregoing), conflict with or are in any way inconsistent with any provision of the Plan, the Plan shall govern and control. To the extent that any provision of the Plan, the Plan Supplement, or the Disclosure Statement conflicts with or is in any way inconsistent with any provision of this Confirmation Order, this Confirmation Order shall govern and control.

**V.     Dissolution of the Committee**

31.    The Committee shall dissolve, and the current and former members of the Committee shall be released and discharged from all rights and duties arising from, or related to, these Chapter 11 Cases on the Effective Date; *provided that*, the Committee and its professionals shall have the right to file, prosecute, review, and object to any applications for compensation and reimbursement of expenses filed in accordance with Article II.A.2 of the Plan.

**W.     Stay of Confirmation**

32.    Any applicable stay of effectiveness provided in Bankruptcy Rules 3020(e), 6004(g), 6004(h), 6006(d), and 7062, or otherwise shall not apply to this Confirmation Order. This Confirmation Order shall be effective and enforceable immediately upon its entry. Subject to the

30619345.1

occurrence of the Effective Date, the provisions of the Plan shall be immediately effective and enforceable and deemed binding upon any Holder of a Claim against or Interest in the Debtors, such Holder's respective successors and assigns (whether or not the Claim or Interest of such Holder is Impaired under the Plan, whether or not such Holder has accepted the Plan, and whether or not such Holder is entitled to a Distribution under the Plan), all Entities that are party or subject to the settlements, compromises, releases, and injunctions described in the Plan, and any and all non-Debtor counterparties to Executory Contracts, Unexpired Leases, and any other prepetition agreements. The Debtors are authorized to consummate the Plan at any time after the entry of this Confirmation Order, subject to satisfaction or waiver of the conditions precedent to the Effective Date set forth in Article VIII of the Plan. Pursuant to section 1142(a) of the Bankruptcy Code, the Plan, the Plan Supplement, and this Confirmation Order shall apply and be enforceable notwithstanding any otherwise applicable nonbankruptcy law.

## X. Final Order

33. This Confirmation Order is a final order and the period within which an appeal must be filed commences upon the entry hereof.

Dated: July 31st, 2023
Wilmington, Delaware

KAREN B. OWENS
UNITED STATES BANKRUPTCY JUDGE

30619345.1