**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| VIRGIN ORBIT HOLDINGS, INC., *et al.*,[1] | Case No. 23-10405 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Docket Ref. Nos. 560 & 602** |
| VLADIMIR BOYKO, on behalf of himself and all others similarly situated, | |
| Plaintiff, | Adv. Proc. No. 23-50324-KBO |
| v. | **Docket Ref. Nos. 11, 19 & 21** |
| VIRGIN ORBIT, LLC, | |
| Defendant. | |

**FINAL ORDER APPROVING THE SETTLEMENT AGREEMENT AND GENERAL RELEASE OF CLAIMS WITH VLADIMIR BOYKO, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED**

The Court has considered the motion ("**Motion**")[2] of Virgin Orbit Holdings, Inc. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") for the entry of an order approving on a final basis the Settlement and Release Agreement (the "**Settlement Agreement**" or "**Settlement**" attached hereto as

[1] The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number, are: Virgin Orbit Holdings, Inc. (6914); Virgin Orbit National Systems, LLC (3801); Vieco USA, Inc. (0492); Virgin Orbit, LLC (9648); and JACM Holdings, Inc. (1445). The Debtors' mailing address for purposes of these cases is 3880 McGowen Street, Long Beach, CA 90808.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion.

**Exhibit I**) among Debtor Virgin Orbit, LLC and Virgin Investments Limited (together with its affiliates, "**VIL**"), on the one hand, and Vladimir Boyko (the "**Plaintiff**" or "**Class Representative**"), on his own behalf and on behalf of the settlement class (the "**Class Members**" or the "**Class**") (collectively, the "**Parties**"); (b) (i)certifying the Class for settlement purposes only, (ii) appointing the law firm of Raisner Roupinian LLP as class counsel ("**Class Counsel**") for settlement purposes only, (iii) appointing Vladimir Boyko as Class Representative for settlement purposes only; and (c) granting related relief.

**THE COURT HEREBY FINDS THAT:**

A. Sufficient notice has been given to the Class and all other parties entitled to notice of the Settlement Agreement and the right to opt-out of the Class or object to the proposed Settlement Agreement; and no other or further notice is required.

B. The Bankruptcy Court has personal jurisdiction over the Class Representative and all Class Members,.

C. The Bankruptcy Court has subject matter jurisdiction to approve the Settlement Agreement and all exhibits thereto.

D. The Class Representative and all Class Members who did not exercise the right to opt-out of the Class are bound by this Order and the terms of the Settlement Agreement.

E. The terms of the Settlement Agreement are fair, reasonable, and adequate under Federal Rule of Civil Procedure 23 (incorporated by Rule 7023) of the Federal Rules of Bankruptcy Procedure) and the nine factor test the Third Circuit developed in *Girsh v. Jepson*, 521 F.2d 153 (3d Cir. 1975).

F. The terms of the Settlement Agreement are appropriate and in the best interests of creditors under Bankruptcy Rule 9019.

G. The Settlement Agreement was negotiated at arm's length and in good faith, is fair, equitable, and in the best interests of the Debtors' estates and the best interest of the Class.

H. Other good and sufficient cause exists for granting the relief requested in the Motion.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Settlement Agreement is APPROVED on a final basis.

3. Upon the Effective Date of the Settlement (as defined in the Settlement Agreement) the Parties are authorized and directed to implement and consummate the Settlement Agreement in accordance with its terms and provisions.

4. The Class Representative and the Class (but not the parties who opted out (such persons, the "**Opt-Outs**")) have hereby conclusively compromised, settled, dismissed, and released any and all Released Claims (as defined in the Settlement Agreement) against the Debtors, VIL, and all Released Parties (as defined in the Settlement Agreement).

5. Upon the Effective Date of the Settlement (as defined in the Settlement Agreement) except for the rights arising out of, provided for, or reserved in the Settlement Agreement, the Released Claims described in the Settlement Agreement are hereby deemed to have been fully and forever released and discharged.

6. The Class Representative is hereby directed to dismiss with prejudice this Adversary Proceeding within fourteen (14) days from the latter of (a) the Effective Date (as defined in the Settlement Agreement), and (b) remittance of the Distribution Payment (as defined in the Settlement Agreement) by the Debtor to the Qualified Settlement Fund.

7. The Settlement Agreement and this Final Order shall be binding on and have res judicata and preclusive effect in all pending and future lawsuits and other proceedings encompassed by the "Release of Claims" set forth in Section 10 of the Settlement Agreement and maintained by or on behalf of the Class Representative and all Class Members (except that this section 7 shall not apply to Opt-Outs who shall, nonetheless, remain bound in all respects by the Confirmation Order), as well as their respective present, former, and future administrators, agents, assigns, attorneys, executors, heirs, partners, predecessors-in-interest, and successors.

8. The Settlement is accepted by the Class Counsel, on behalf of the Class Representative and all Class Members (except Opt-Outs). as treatment of the Class Representative and the Class Members' alleged claims in the Chapter 11 Cases arising out of or relating to the WARN Act and/or CAL-WARN Act and such treatment with respect to the Class Representative and the Class Members complies with Section 1129, including 1129(a)(9), of the Bankruptcy Code.

9. An Opt-Out shall not be entitled to share in the Qualified Settlement Fund (as defined in the Settlement Agreement).

10. The Settlement Agreement and the Settlement provided for therein and any proceedings taken pursuant thereto are not and should not in any event be offered or received as evidence of, a presumption, concession, or an admission of liability, or of any misrepresentation or omission in any statement or written document approved or made by the Debtors, VIL, or any Released Parties (as defined in the Settlement Agreement) or of the suitability of these or similar claims to class treatment in active litigation and trial; provided, however, that reference may be made to the Settlement Agreement and Settlement provided therein in such proceedings solely as may be necessary to effectuate the Settlement Agreement.

11. The Parties are hereby authorized, without further approval from this Court, to agree to adopt such non-material amendments, modifications, and expansions of the Settlement Agreement and all exhibits thereto as (a) shall be consistent in all material respects with this Final Order; and (b) do not limit the rights of the Parties or the Class Members.

12. This Court shall retain jurisdiction over Class Counsel, the Debtors, VIL, the Class Representative, and the Class Members as to all matters relating to the administration, consummation, enforcement, and interpretation of the terms of the Settlement Agreement, and the Final Order and for any other necessary purposes.

**Dated: September 21st, 2023**
**Wilmington, Delaware**

**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**

30598133.1