**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>VIRGIN ORBIT HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10405 (KBO)<br><br>(Jointly Administered) |
| MATTHEW DUNDON, as Litigation Trustee of the VO Litigation Trust, successor in interest to the estates of VIRGIN ORBIT HOLDINGS, INC., *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>Slate Advisers, Inc.<br><br>Defendant. | Adv. Proc. No. 23 - _____ |

**COMPLAINT FOR TURNOVER OF PROPERTY OF THE ESTATE**

Plaintiff Mathew Dundon (the "Plaintiff" or "Trustee"), in his capacity as Litigation Trustee of the VO Litigation Trust, pursuant to the *Fifth Amended Joint Chapter 11 Plan of Virgin Orbit Holdings, Inc. and Its Debtor Affiliates* (the "Plan")[2] [Docket No. 595-1] of the debtors in the above-captioned cases (the "Debtors"), hereby brings suit against Slate Advisers, Inc.

[1] The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number, are: Virgin Orbit Holdings, Inc. (6914); Virgin Orbit National Systems, LLC (3801); Vieco USA, Inc. (0492); Virgin Orbit, LLC (9648); and JACM Holdings, Inc. (1445). The Debtors' mailing address for purposes of these cases is 3880 McGowen Street, Long Beach, CA 90808.

[2] Capitalized terms not otherwise defined herein, shall have the meaning ascribed to them in the Plan.

("Defendant" or "Slate Advisers") for turnover of property of the Debtors' bankruptcy estates (the "Complaint").

## NATURE OF THE CASE

1. By this action, the Plaintiff seeks turnover of the Refund (defined below), which is property of the Debtors' estates, pursuant to section 542 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this adversary proceeding, which arises in and relates to the jointly administered cases (the "Chapter 11 Cases") of the Debtors in the United States Bankruptcy Court for the District of Delaware (the "Court"), pursuant to 28 U.S.C. §§ 157 and 1134(b), and rule 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. Pursuant to Bankruptcy Rule 7008 and rule 7008-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules,") the Plaintiff hereby consents to the entry of a final judgment by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

## PARTIES

5. Per the Litigation Trust Agreement executed by the Trustee and the Debtors on August 2, 2023 (the "Litigation Trust Agreement"), Plaintiff is the duly appointed trustee of the VO Litigation Trust (the "Trust"), successor in interest to the Debtors. Pursuant to Article IV.H.1 of the Plan, upon execution of the Litigation Trust Agreement, the Trustee "shall serve as

representative of the Estates under section 1123(b) [of the Bankruptcy Code] for the purpose of (i) enforcing the GUC Causes of Action and (ii) administering and distributing the Litigation Trust Assets." Additionally, the Litigation Trust Agreement, provides that the Trustee has "the right to take all action . . . and exercise all power and authority that may be exercised to commence all proceedings associated with the GUC Causes of Action (including the power to continue any actions and proceedings that may have been commenced by the Debtors prior to the Effective Date) . . .." Litigation Trust Agreement § 2.2(a).

6. The Plan defines "GUC Causes of Action" as "(x) the Causes of Action of the Estates against (i) Persons or Entities that provided audit services to the Debtors or (ii) Persons or Entities, based on Chapter 5 of the Bankruptcy Code, who received transfers from the Debtors in an amount greater than $100,000 during the 90-day period prior to the Petition Date . . . ," such as the cause of action at issue here.

7. Upon information and belief, Defendant Slate Advisers is a corporation formed under the laws of the State of California with its principal place of business located at Four Embarcadero Center, Suite 1400, San Francisco, California 94111.

## STATEMENT OF FACTS

### A. General Background

8. On April 4, 2023 (the "Petition Date"), the Debtors commenced their respective bankruptcy cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code in this Court. The Chapter 11 Cases are jointly administered under Case No. 23-10405 (KBO). *See* Docket No. 43.

9. On April 17, 2023, pursuant to section 1102(a)(1) of the Bankruptcy Code, the Office of the United States Trustee for Region 3, District of Delaware appointed the Official Committee of Unsecured Creditors. *See* Docket No. 92.

10. The Plan was confirmed on July 31, 2023 (*see* Docket No. 604) and became effective on August 2, 2023 (the "Effective Date") (*see* Docket No. 610).

11. In accordance with the Plan and Litigation Trust Agreement, the Trust was established on the Effective Date and, on that date, all of the right, title, and interest of the Debtors and the Debtors' estates in and to the Litigation Trust Assets, including the GUC Causes of Action, were absolutely and irrevocably assigned to and vested in the Trust. *See* Litigation Trust Agreement § 1.2.

**B. The Property Subject to Turnover**

12. Prepetition, the Debtors contracted with Slate Advisers for certain career transition services, including Consolidated Omnibus Budget Reconciliation Act ("COBRA") obligations and other employee benefits, for certain employees laid off or to be laid off by the Debtors.

13. Slate Advisers invoiced the Debtors for these services on March 31, 2023 in the amount of $1,040,700.00. Such invoice is attached hereto as **Exhibit A** (the "Invoice").

14. Per the Invoice, the Debtors prepaid Slate Advisers for its services. Any undrawn amounts from the Invoice were fully refundable to the Debtors after a certain employee's end date if such employee was unenrolled in the transition services program or chose not to enroll in the program.

15. The Debtors submitted payment to Slate Advisers, pursuant to the Invoice, in the amount of $1,040,700 (the "Prepayment") on April 3, 2023, within the 90-day period before the Petition Date.

16. As the Debtors laid off employees, Slate Advisers began providing its services and drew down on the Prepayment in an amount no more than $413,065.00.

17. The remaining balance of the Prepayment, an amount no less than $627,635.00, was not utilized, as certain employees unenrolled from or opted out of the transition services program, and is, thus, fully refundable per the Invoice. A redacted accounting of such is attached hereto as **Exhibit B**.

18. Accordingly, Slate Advisers is currently holding no less than $627,635.00 of the Prepayment (the "Refund"), which is fully refundable to the Debtors.

**COUNT I**
**TURNOVER**
**(Turnover of the Refund Pursuant to 11 U.S.C. § 542)**

19. Plaintiff re-alleges paragraphs 1 through 18 above, as if fully set forth herein.

20. Section 542(a) of the Bankruptcy Code provides in pertinent part "an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under 363 of this title, or that the debtor may exempt under 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property...." 11 U.S.C. § 542(a).

21. Section 542(b) of the Bankruptcy Code provides in pertinent part "an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee…." 11 U.S.C. § 542(b).

22. The Prepayment is fully refundable to the Debtors under the Invoice if a former employee unenrolled or opted out of the program.

23. Upon information and belief, the Debtors utilized only $413,065.00 of the Prepayment and are, thus, entitled to the Refund in an amount no less than $627,635.00.

24. The Refund, currently in the Defendant's possession, custody, and control, constitutes property of the estates pursuant to section 541(a) of the Bankruptcy Code, and lawfully belongs to the Trust for distribution by the Trustee to Trust beneficiaries.

25. The Trust has the power and authority to take possession, custody, or control of the Refund, pursuant to the Plan and Litigation Trust Agreement.

26. The Plan Administrator has made a demand for turnover of the Refund. As of the date of this Complaint, the Defendant has not complied.

27. Recovering the Refund is necessary because the Plan and the Litigation Trust Agreement require the Trustee to distribute Litigation Trust Assets, including the proceeds of GUC Causes of Action such as this one, to Trust beneficiaries.

28. Pursuant to sections 542 and 105(a) of the Bankruptcy Code, and Bankruptcy Rules 2020 and 3020, the Trust is entitled to an order directing the Defendant to turn over the Refund.

**COUNT II**
**INJUNCTIVE RELIEF**
**(Injunction Directing Slate Advisers to Pay the Refund Pursuant to 11 U.S.C. §§ 105 & 1142)**

29. Plaintiff re-alleges paragraph 1 through 18 as if fully set forth herein.

30. This Court has power under 11 U.S.C. § 1142(b) to "direct the debtor and any other necessary party to ... perform any other act ... that is necessary for the consummation of the [P]lan."

31. Additionally, this Court has power under 11 U.S.C. § 105(a) to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code.

32. Pursuant to the Litigation Trust Agreement, the Trustee was vested with the power to "[a]ct on behalf of the Litigation Trust, including the right to take all actions and execute all agreements, instruments and other documents, and exercise all power and authority that may be exercised, to commence all proceedings associated with the GUC Causes of Action (including the power to continue any actions and proceedings that may have been commenced by the Debtors prior to the Effective Date) that may be commenced, and to take all actions that may be taken by any officer, director, or manager of the Debtors with like effect as if authorized, exercised, and taken by unanimous action of such officers, directors, and managers, *including consummating the Plan and all transfers thereunder on behalf of the Debtors*." Litigation Trust Agreement § 2.2(a) (emphasis added).

33. The Refund, currently in held by the Defendant, lawfully belongs to the Trust for distribution by the Trustee to Trust beneficiaries.

34. Recovering the Refund is necessary because the Plan and Litigation Trust Agreement require the Trustee to distribute proceeds of GUC Causes of Action to Trust beneficiaries.

35. Pursuant to sections 105(a) and 1142(b) of the Bankruptcy Code, the Trust is entitled to an injunction and order directing the Defendant to pay the Debtors the full amount of the Refund.

**WHEREFORE**, Plaintiff demands a money judgment be entered against the Defendant and in favor of the Plaintiff in the amount of the Refund, or in the alternative, turnover of the Refund, together with court costs and attorneys' fees and for such other and further relief as this Court deems appropriate.

*[Remainder of Page Intentionally Left Blank]*

Dated: October 3, 2023
Wilmington, Delaware

Respectfully submitted,

*<u>/s/ Katelin A. Morales</u>*
M. Blake Cleary (No. 3614)
L. Katherine Good (No. 5101)
Katelin A. Morales (No. 6683)
**POTTER ANDERSON & CORROON LLP**
1313 North Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Email: bcleary@potteranderson.com
kgood@potteranderson.com
kmorales@potteranderson.com

- and -

David P. Simonds, Esq. (admitted *pro hac vice*)
Edward J. McNeilly, Esq. (admitted *pro hac vice*)
Kaitlyn Aliza Hittelman, Esq. (admitted *pro hac vice*)
**HOGAN LOVELLS US LLP**
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4600
Email: david.simonds@hoganlovells.com
edward.mcneilly@hoganlovells.com
kaitlyn.hittelman@hoganlovells.com

- and-

David Dunn, Esq (admitted *pro hac vice*)
John D. Beck, Esq. (admitted *pro hac vice*)
Christopher R. Bryant, Esq. (admitted *pro hac vice*)
Katherine M. Lynn, Esq. (admitted *pro hac vice*)
**HOGAN LOVELLS US LLP**
390 Madison Avenue
New York, NY 10017
Telephone: (212) 918-3000
Email: john.beck@hoganlovells.com
chris.bryant@hoganlovells.com
katherine.lynn@hoganlovells.com

*Counsel to Mathew Dundon, in his capacity as Litigation Trustee of the VO Litigation Trust*